55 U.S. 3 (1852)
14 How. 3
EX PARTE DAVID TAYLOR.
Supreme Court of United States.

*4 To the Judges of the Supreme Court of the United States.
The petition of David Taylor respectfully showeth, that he is now confined in the jail in the city of Washington, at the suit of a certain Thomas Ewing, Jr., and he refers to the accompanying transcript of the record of said suit, and makes the same a part of this petition, for the better understanding of the proceedings under which he is now unjustly and oppressively detained in prison.
Your petitioner showeth, that by said record it appears he was held to bail in said suit, upon the affidavit of said Ewing, and without a copy of the declaration being served on him, as required by the act of the legislature of Maryland of 1715, c. 46, § 3.
That, at the return of the writ of capias ad respondendum, issued in said cause, your petitioner moved to enter his appearance without giving special bail, because of the alleged insufficiency of the affidavit to hold to bail, but said motion was overruled by the Circuit Court of the District of Columbia for Washington County. That, thereupon, your petitioner moved to enter his appearance to said suit, upon giving good and *5 sufficient special bail, in the sum of one hundred and thirty-three dollars and thirty-three and one third cents, because of the omission to serve your petitioner with a copy of the declaration, according to the terms of the aforesaid act of 1715, c. 40, § 3; and your petitioner then and there tendered in open court good and sufficient bail, in the last-mentioned sum of money. The sufficiency of said bail for said amount was fully admitted by said court, as will appear by reference to said transcript of the record; but the court overruled said application upon the express ground that your petitioner was bound to enter special bail to said action, in the amount of the sum sworn to in the affidavit of said Ewing, which sum is shown in said affidavit to be four thousand nine hundred and seventy dollars. Your petitioner is advised that the aforesaid recited act of the legislature of Maryland is in full force in Washington county aforesaid; and that, under and by virtue of said law, it was the duty of the marshal to require no greater appearance-bail, and of the court to require no greater special bail than the amount specified in said act, where no copy of the declaration is sent to be served with the writ; and your petitioner is also advised, that there is in said affidavit no legal cause of bail whatever. Wherefore, inasmuch as the said Circuit Court has refused both of said applications for an appearance on the part of your petitioner to said suit, and as the law provides no other adequate remedy in the premises, whereby your petitioner can, before the final determination of said suit, regain his personal liberty, whereof he is now illegally and unjustifiably deprived, your petitioner prays that the writ of mandamus may be issued and directed to the Judges of said Circuit Court, commanding and enjoining them to receive the appearance of your petitioner to said action, either without requiring special bail, or upon your petitioner causing good and sufficient special bail to be entered to said action, in the sum of one hundred and thirty-three dollars and thirty-three cents and one third of a cent.
And, as in duty bound, your petitioner will ever pray, &c.
 ROBERT J. BRENT, for Petitioner.

District of Columbia, Washington County, to wit:
Before the subscriber, a justice of the peace of the District of Columbia, in and for Washington county, personally appears David Taylor, the within petitioner, and made oath on the Holy Evangely of Almighty God, that the facts, as stated in the said petition, are true, to the best of his knowledge and belief.
 J.W. BECK, J.P.
 Dec. 10, 1852.

*6 District of Columbia, ss.
At a Circuit Court of the District of Columbia, begun and held in and for the county of Washington, at the city of Washington, on the third Monday of October, being the eighteenth day of the same month, in the year of our Lord one thousand eight hundred and fifty-two, and of the independence of the United States the seventy-seventh.
 Present, WILLIAM CRANCH, Chief Judge.
 THE HON. JAMES S. MORSELL, and | Assistant
 >
 JAMES DUNLOP, | Judges.
 RICHARD WALLACH, Esquire, Marshal.
 JOHN A. SMITH, Clerk.
In the records of proceedings of the said court, amongst others, are the following, to wit: 
 THOMAS EWING, JR. |
 v. >
 DAVID TAYLOR. |
Be it remembered, to wit, on the 4th day of October, 1852, the said plaintiff, by Charles S. Wallach, Esquire, his attorney, prosecuted and sued forth out of the Circuit Court here, the United States writ of capias ad respondendum, directed to the marshal of the District of Columbia, in form following, to wit: 

District of Columbia, to wit:

The United States of America, to the Marshal of the District of 
Columbia, Greeting:
We command you, that you take David Taylor, late of Washington county, if he shall be found within the county of Washington, in your said district, and him safely keep, so that you have his body before the Circuit Court of the District of Columbia, to be held for the county aforesaid, at the city of Washington, on the 3d Monday of October instant, to answer unto Thomas Ewing, Jr., in a plea of trespass on the case, and so forth.
Hereof fail not at your peril, and have you then and there this writ.
Witness WILLIAM CRANCH, Esq., Chief Judge of our said court, at the city of Washington, the 22d day of May, Anno Domini one thousand eight hundred and fifty-two.
Issued this 4th day of October, 1852.
 Wallach. JNO. A. SMITH, Clerk.

*7 District of Columbia, Washington County, to wit:
And the aforesaid plaintiff, on the day of prosecuting and suing forth of the aforegoing writ, declared against the said defendant in the plea aforesaid, in the form following, to wit: 

District of Columbia, Washington County, to wit:
David Taylor, late of the county aforesaid, was attached to answer unto Thomas Ewing, Jr., in a plea of trespass on the case, and so forth. And whereupon the said plaintiff, by Charles S. Wallach, his attorney, complains that, whereas the defendant, on the first day of September, in the year eighteen hundred and fifty-two, at the county aforesaid, was indebted to the plaintiff in the sum of four thousand nine hundred and seventy dollars, current money of the United States, for sundry matters and articles, properly chargeable in an account, as by a particular account thereof herewith into court exhibited, appears. And being so indebted, the defendant, in consideration thereof, afterwards, to wit, on the day and year aforesaid, of the county aforesaid, undertook, and faithfully promised to the said plaintiff, to pay him the aforesaid sum of money, when he should be thereto afterwards required.
And whereas, also, the defendant, on the first day of September, in the year eighteen hundred and fifty-two, at the county aforesaid, was indebted to the plaintiff in the further sum of four thousand nine hundred and seventy dollars, for work and labor done and performed by the plaintiff for the defendant, at his special request; and in the further sum of four thousand nine hundred and seventy dollars, for money received by the defendant for the use of the plaintiff; and in the further sum of four thousand nine hundred and seventy dollars, for money lend and advanced by the plaintiff to the defendant, at his, the defendant's, request; and in the further sum of four thousand nine hundred and seventy dollars, for money paid, laid out, and expended, by the plaintiff for the use of the defendant, at his, the defendant's, request; and being so indebted, the defendant afterwards, that is to say, on the day and year aforesaid, at the county aforesaid, in consideration thereof, undertook, and then and there faithfully promised to the said plaintiff, that he the defendant, the said several sums of money, when required, would well and truly pay to the plaintiff.
And whereas, the defendant afterwards, that is to say, on the first day of September, in the year aforesaid, at the county aforesaid, accounted with the plaintiff, of and concerning divers sums of money, from the said defendant to the plaintiff due, *8 owing, then in arrear and unpaid; and upon such accounting, the said defendant was then and there found in arrear, and indebted to the said plaintiff the further sum of four thousand nine hundred and seventy dollars; and being so found in arrear and indebted, the said defendant afterwards, that is to say, on the day and year last mentioned, at the county aforesaid, in consideration thereof, undertook, and then and there faithfully promised to pay to the plaintiff, when thereto afterwards required, the said last-mentioned sum of money.
Nevertheless, the defendant said promises in nowise regarding, the said several sums of money, or any part thereof, though often required, to the plaintiff has not paid, but the same to pay has always refused, and still refuses, to the damage of the plaintiff, in the sum of ten thousand dollars, and therefore he brings suit, &c.
 CHARLES S. WALLACH,
 For the Plaintiff.
The said plaintiff, by his attorney aforesaid, at the time of prosecuting and suing forth the said writ, also filed the following affidavit to hold to bail, to wit: 

District of Columbia, Washington County, to wit:
THOMAS EWING, JR. |
 v. >
 DAVID TAYLOR. |
On this fourth day of October, 1852, personally appeared before me, the subscriber, a justice of the peace, in and for the county and district aforesaid, Joseph T. Coombs, of the county and district aforesaid, agent for the plaintiff in the above cause, and made oath on the Holy Evangely of Almighty God, that David Taylor, a resident of the State of North Carolina, defendant in the above cause, is indebted to the said plaintiff in the full and just sum of four thousand nine hundred and seventy dollars, for moneys due upon a certain agreement or contract herewith filed, and for work and labor done at his, the said David Taylor's, special instance and request, in the district and county aforesaid, a particular account whereof is herewith filed. And that the said Taylor, being now in the said county and district, is about to remove from and go out of said county and district, and remove his property, rights, and credits from said county and district, with a view and in order to avoid the payment of the said debt, as this affiant verily believes, and that said debt was contracted in said county and district by the said David Taylor; and that said work and labor were done and performed in the said county and district by the said plaintiff, between the 8th *9 day of March, 1850, and the first day of September, 1852, at his, the said David Taylor's, special instance and request.
 J.T. COOMBS.
 Subscribed and sworn before me. H. NAYLOR, J.P.
 4th October, 1852.

Agreement referred to in the aforegoing Affidavit.
Contract made and concluded on the twenty-eighth day of March, A.D. 1851, by and between Thomas Ewing, Junior, formerly of Ohio, and David Taylor, formerly of North Carolina, in behalf of himself and his wife and children, in these words: 
The said party of the first part, covenants and agrees to prosecute before Congress, or before the public departments of the general government, the claim of the said party of the second part, and that of his wife and children, under the Cherokee treaty of 1835-6, to the appraised value of a reservation of 640 acres of land, lying in the State of Tennessee, which said claim was before the Committee of Indian Affairs of the Senate at the last session of Congress; and further, that the said party of the first part, will use proper diligence in the prosecution of the said claim, and at no time will let the interests of the said party of the second part suffer by want of a proper degree of attention to the claim, on his part, unless prevented from rendering it by sickness or some other unavoidable and unforeseen necessity.
And the said party of the second part, in consideration of the valuable services which the said party of the first part has already rendered in the prosecution of the said claim; and in further consideration of the agreement which the said party of the first part herein makes, to continue to prosecute the claim until it is finally allowed and paid, hereby covenants and agrees to pay unto the said party of the first part the sum of twenty per centum upon the amount of said claim, whenever the same may be allowed; and if at any time a part of it only is allowed then the said party of the second part covenants and agrees to pay unto the said party of the first part, a like per centage upon the sum allowed.
And for the true and faithful performance of all the agreements above mentioned, the parties to these presents bind themselves, each unto the other, in the penal sum of five thousand dollars, as fixed and settled damages, to be paid by the failing party.
In testimony whereof, the parties to these presents have hereunto set their hands and affixed their seals, the day and year first above written.
 THO. EWING, Jr. [SEAL.]
 his
 DAVID × TAYLOR [SEAL.]
 mark.
*10 The within contract was read by me to Mr. Taylor, before signing it, and he declared himself fully satisfied with the conditions herein expressed.
Signed, sealed, and delivered in my presence, this 28th day of March, A.D. 1851.
 W.H. COLLEDGE.
A copy of which said affidavit was made, and sent with the writ aforesaid to the marshal of the district aforesaid, thereon indorsed, to wit, "To be served on the defendant with the writ."

Account referred to in the foregoing Affidavit, to wit:
 Washington, Sept. 1st, 1851.

Mr. David Taylor, Dr. to Thomas Ewing, Jr.
To commission, 20 per cent., on $24,853.04, amount allowed on your claim against United States, under Cherokee Trea y of 1835, for work and labor done and performed in obtaining said allowance, and as per agreement ... $4,970.00
At which mentioned third Monday of October, in the year eighteen hundred and fifty-two, and the day of the return of the aforegoing writ, comes again into the Circuit Court here, the said plaintiff, by his attorney aforesaid; and the marshal of the district aforesaid, to whom the said writ was in form aforesaid directed, makes return thereof to the court thus indorsed, to wit, "Cepi in jail. R. Wallach, Marshal."
And now, to wit, on the day of November, A.D. 1852, in open court, appears David Taylor, in custody of the marshal of the district aforesaid, and moves the court here that he be permitted to enter a common appearance to the said writ of the said Thomas Ewing, Jr.; and at the same time the said David Taylor, by his attorney, Robert J. Brent, Esq., offered to appear to said writ, and to defend the same; but the court refused to allow the said David Taylor to appear to said writ until he should give special bail, to the amount of indebtedness sworn to in the affidavit of said Thomas Ewing, Jr., filed in this cause. And thereupon the said David Taylor, so being in open court, prayed the court to take special bail for him in this action, to the amount of one hundred and thirty-three dollars thirty-three and one third cents. And at the same time appeared in open court John Frederick May and Joseph L. Williams, residents of the District of Columbia, who, with the consent of the said David Taylor, offered to enter themselves as special bail for the said David Taylor, and to justify in double the said last amount; but the court, in nowise denying the sufficiency of said bail as offered, refused to accept or take special bail for *11 any amount less than the amount sworn to by said Thomas Ewing, Jr., as aforesaid; and the said David Taylor declining to give or offer bail to the amount required by the court, he is thereupon ordered and remanded by the court to the custody of the marshal of the District of Columbia.
 Test. JOHN A. SMITH, Clerk.

District of Columbia, Washington County, to wit:
I, John A. Smith, Clerk of the Circuit Court of the District of Columbia, for the county of Washington, hereby certify that the aforegoing is a full and perfect transcript of all the proceedings had in the said court, in the said case of Thomas Ewing, Jr., against David Taylor, as appears from the minutes of the proceedings of said court.
In testimony whereof, I have hereunto subscribed my name, and affixed the seal of said court, this 10th December, 1852.
 [SEAL.] JNO. A. SMITH, Clerk.
It appears, in this case, that a suit was brought in the Circuit Court of the United States for Washington County, in the District of Columbia, by Thomas Ewing, Jr., against David Taylor, to recover a sum of money which he alleged to be due to him, upon a contract which is set forth in the proceedings, and also for services rendered to Taylor at his instance and request.
The writ issued on the 4th of October, 1852, returnable to the October term, which began on the third Monday of the same month. And at the time of issuing the writ, the plaintiff filed his declaration containing the usual money counts, and also an affidavit stating the amount due, and the nature of his claim; that the debt was contracted in Washington county, in the District of Columbia, and that Taylor, being then in said county and district, was about to remove from it, and remove his property, rights, and credits, in order to avoid the payment of this debt.
The marshal arrested Taylor, and made his return upon the writ "Cepi in jail;" and thereupon Taylor appeared in court, in the custody of the marshal, and, by his counsel, moved for leave to appear on common bail. But the court refused to permit him to appear and to discharge him from custody, until he should give bail to the amount of the debt sworn to in the affidavit of the plaintiff. Taylor then moved for leave to appear, upon giving bail in the sum of one hundred and thirty-three dollars thirty-three and a third cents, claiming that he was entitled to be discharged upon giving bail to that amount, under the act of Assembly of Maryland of 1715, which act, together with the other laws of Maryland in force when the United *12 States assumed jurisdiction over this district, were adopted by Congress as the laws of Washington county.
But the Circuit Court adhered to its decision, and refused to permit the party to appear, without giving bail to the amount claimed in the plaintiff's affidavit.
Upon this state of the case, Taylor moves for a rule on the Judges of the Circuit Court to show cause why a mandamus shall not be issued from this court, commanding the Judges of the Circuit Court to permit Taylor to appear to the above-mentioned suit on common bail, in order that he may be discharged from the custody of the marshal; and failing that motion, then to show cause why he should not be permitted to appear, upon giving bail to the amount of one hundred and thirty-three dollars and thirty-three and one third cents, under the provisions of the Maryland law.
According to the established practice of this court, a rule of this kind is not granted as a matter of course, and the inferior court is never called on to show cause, unless a case is presented which primâ facie requires the interposition of this court. It was so settled in the case of the Postmaster-General v. Trig, Administrator of Rector, 11 Pet. 173.
We proceed, then, to inquire whether such a case has been presented to support this motion.
The proceedings by which Taylor was arrested and held in custody, were under the act of Congress of August 1st, 1842, (5 Stat. at Large, 498.) This act provides that no person shall be held to bail in any suit in the District of Columbia, unless upon such an affidavit as is described in the law, which must be filed previously to the issuing of the writ.
It is insisted, on behalf of Taylor, that he was entitled to his discharge from custody upon entering an appearance by his attorney to the suit, because, as he alleges, the affidavit filed in the suit does not conform to the provisions of the act of Congress, and therefore was not sufficient, under that law, to justify the court in demanding bail.
But that is a question which this court cannot consider. The act of Congress provides that the sufficiency of the affidavit to hold to bail, and the amount of bail to be given shall, upon application of the defendant, be decided by the court in term time, and by a single judge in vacation. In deciding upon the application to discharge Taylor from the custody of the marshal, the court must necessarily have considered and interpreted the act of Congress, as well as the affidavit, and determined whether the affidavit was sufficient or not. And certainly, even in England, the King's Bench never claimed or exercised the power to issue a mandamus to an interior court of record, commanding *13 it to reverse its judgment, in a matter where the law authorized it to judge. In the case before us, the power of deciding on the sufficiency of the affidavit, and the amount of bail, is a part of the judicial power of the court. It has exercised this power, and passed its judgment. We do not mean to say that this judgment is in any respect erroneous. But, assuming it to be so, this court cannot, by mandamus, command them to reverse it. The writ has never been extended so far, nor ever used to control the discretion and judgment of an inferior court of record acting within the scope of its judicial authority. There is no ground, therefore, for the rule under the act of Congress.
The application under the Maryland act of 1715, is equally untenable. The provision in that act relied on in support of the motion, was never held in Maryland to apply to any thing but the bail-bonds to be taken by the sheriff in certain cases, and never influenced the decision of the courts as to the amount of bail to be required when the defendant was brought into court. But it is unnecessary to speak of that act, or of the construction it received in the courts of Maryland; because the right of the plaintiff in the Circuit Court to demand bail depends altogether upon the act of Congress. And if there is any discrepancy between this act and the act of Assembly of 1715, the act of Congress must govern, and is a repeal pro tanto of the Maryland law.
The rule to show cause is therefore refused.