# IN THE MATTER OF THE NATIONAL LABOR RELATIONS BOARD.

No. 21, Original.   Argued May 23, 1938.—Decided May 31, 1938.

*Mr. Robert B. Watts,* with whom *Solicitor General Jackson* was on a memorandum, for petitioner.

*Mr. Luther Day,* with whom *Messrs. Thomas F. Patton, Joseph W. Henderson, Thomas F. Veach,* and *Mortimor S. Gordon* were on the brief, opposed the relief sought. They appeared as counsel for the Republic Steel Corporation, party to the proceedings in the lower court against which the petition was directed.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The motion before us involves a construction of § 10 (d) (e) and (f) of the National Labor Relations Act,[1] providing for review of orders of the National Labor Relations Board.

May 16, 1938, the Board filed in this court a motion for leave to file a petition for writs of prohibition and mandamus directed to the judges of the United States Circuit Court of Appeals for the Third Circuit. Attached to the motion was the petition which set forth the following facts.

April 8, 1938, the Board, in a cause pending before it, issued an order directing the Republic Steel Corporation to desist from certain unfair labor practices and to take certain affirmative action. April 18 Republic filed in the Circuit Court of Appeals a petition for review alleging that the order violated the constitutional guarantee of due process because it was entered without an opportunity to Republic to support its contentions by argument or brief and thus the Board had denied it the hearing to which it was entitled. On the same day Republic requested of the Board a transcript of the entire record of its proceedings and the General Counsel of the Board

---

[1] 49 Stat. 454; U. S. C., Supp. II, Tit. 29, § 160 (d) (e) (f).

replied: "I have your letter of April 18th, and received today a copy of your petition for review of the Board's order filed in the Third Circuit. We will proceed to get up the record as promptly as possible for certification to the court."

The rules of the Board extend to any party the right, within a reasonable period after the close of a hearing, to present oral argument before the trial examiner and, with his permission, to file briefs. They further provide that the Board may decide a cause with or without allowing the parties to present oral argument before the Board itself or to submit briefs to the Board. It is the Board's practice to grant leave to submit briefs to it or to make oral argument before it whenever so requested, but the rules do not expressly state that such a request may be made or that the request, if made, will be granted. No such request was made by Republic and no brief was received or oral argument heard before the entry of the order of April 8, 1938. The rules also provide for hearing before a trial examiner of causes initiated by the filing of charges before a regional director unless the cause is transferred for hearing before the Board in Washington. If the hearing is before an examiner he is to render an intermediate report containing findings of fact and recommendations as to the disposition of the cause, which are to be served upon the parties, and they are entitled to take exceptions to the intermediate report. In cases initiated by charges filed with the Board in Washington, or transferred for hearing before the Board, it may direct the trial examiner to prepare an intermediate report, but the rules do not require that such a report shall be prepared or served, or that the Board shall serve its own proposed findings of fact and conclusions of law. The complaint against Republic was initiated by charges filed with the Board. The Board did not direct the trial examiner to prepare an intermediate report and none was

prepared or served, nor did the Board serve its own proposed findings of fact and conclusions of law prior to the entry of its order.

Subsequent to April 25, 1938, the Board instituted the practice of notifying the parties in all proceedings before it of their right to submit briefs to the Board and, upon request, to present oral argument to the Board; and further determined that, in cases thereafter to be decided, which had been initiated before it, or transferred to it for hearing (except for special reasons in particular cases) an intermediate report should be prepared by the trial examiner and served upon the parties or, in the alternative, proposed findings of fact and conclusions should be prepared by the Board and similarly served with express notice to the parties of their right to take exceptions to the report or the proposed findings and, upon request, to be heard by the Board, orally or upon brief in support of the exceptions. In cases already decided, in which complaint had been made of the omission of an intermediate report or proposed findings, or of the lack of written or oral argument, the Board determined to vacate its orders, to restore the causes to its docket, and to reconsider and redetermine them after granting full opportunity of exception to proposed findings and conclusions and after the service of notice of the right of the parties to submit briefs and to be heard by the Board if they should so request. Among the cases in this category was that involving Republic.

April 30, 1938, Republic moved the Circuit Court of Appeals for a stay of the Board's order and, upon the hearing of the motion, the Board advised the court that it was considering vacating the order. May 3, upon *ex parte* application of Republic, the court issued a rule, returnable May 13, requiring the Board to show cause why it should not file in the court a certified transcript of the record of the proceedings against Republic, and

made an order restraining the Board from taking any steps or proceedings whatsoever in the cause until the return day of the rule.

May 13 the Board answered the rule of May 3 stating that the record was incomplete because the Board had determined on May 3 to vacate the order and to restore the cause to the docket for further proceedings and had been prevented from so doing by the restraining order issued May 3; the answer further set out that the provisions of § 10 (d) of the National Labor Relations Act deprive the court of jurisdiction to issue the restraining order and of jurisdiction to forbid the vacation of the Board's order and to compel the filing of a transcript of the Board's record as it stood prior to the decision to vacate the order. The court made the rule absolute and enjoined the Board from taking any further steps or proceedings in the cause until the transcript was filed.

The petition of the National Labor Relations Board asserts that the court was without jurisdiction to take this action and prays a writ of mandamus directing the judges who participated to vacate the order of May 13, and a writ of prohibition against the exercise of jurisdiction upon the petition of Republic to set aside the order of April 8 without affording the Board a reasonable opportunity to vacate it.

Upon presentation of the papers we granted leave to file them and entered a rule upon the judges of the Circuit Court to show cause why the relief should not be granted as prayed, returnable May 23, and directed that, on the return day, the parties should be heard upon the question of the jurisdiction of the court to make the challenged order.

May 21, the judges filed their return admitting the allegations of the petition, except those as to the rules and practice of the Board, and its determination to vacate the orders in the Republic and other cases, which it

neither admitted nor denied. The return showed that the order of May 13 was made in the view that, under § 10 (f) of the Act, Republic, by filing and serving its petition for relief, and by requesting the Board to file, or to deliver for filing, a certified transcript, complied with the jurisdictional requirements of the statute so far as was within Republic's power; that thereupon it became the duty of the Board forthwith to file a transcript and that, in the judges' opinion, jurisdiction of the court attached upon service of the petition for review and could not be defeated by the Board's failure to perform its statutory duty, which was to file the transcript. The return further shows that the court was of opinion that possible damage would result to Republic from delay due to the failure to file the transcript and this consideration moved the court to a construction of the Act which called for the entry of its order. The return concludes as follows: "Recognizing the debatable character of the question presented on this record, the respondents submit themselves to the judgment of this court as to whether or not they had jurisdiction to enter the order complained of and record their readiness to vacate the same if, in the opinion of this court, jurisdiction of the cause was lacking."

As is indicated by our action on the motion of the Board for leave to file, and by the return to the rule, the question is solely of the jurisdiction of the Circuit Court of Appeals. This question is to be answered in the light of § 10 (d) (e) and (f) of the National Labor Relations Act, the pertinent portions of which are in the margin.[2]

---

[2] "(d) Until a transcript of the record in a case shall have been filed in a court, as hereinafter provided, the Board may at any time, upon reasonable notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any finding or order made or issued by it.

"(e) The Board shall have power to petition any circuit court of appeals . . . for the enforcement of such order and for appropriate

Counsel for the petitioner and for Republic have presented their views in oral argument and briefs.

The Board's proceedings are administrative in character. Its final action is subject to judicial review in the manner specified in the Act. Subsection (d) of § 10, in plain terms, invests the Board with authority, at any time before the transcript shall have been filed in court, to modify or set aside its order in whole or in part. The purpose of the provision obviously is to afford an opportunity to correct errors or to consider new evidence which would render the order inadequate or unjust. The words used are "Until a transcript of the record . . . shall have been filed in a court, as hereinafter provided," the Board may vacate or modify. The following subsections, (e) and (f), are those to which we turn for the connotation of the qualifying phrase. Subsection (e) grants the Board resort to a court for the enforcement of its order. That enforcement is to be obtained by filing a petition for enforcement and filing a certified

---

temporary relief or restraining order, and shall certify and file in the court a transcript of the entire record in the proceeding, including the pleadings and testimony upon which such order was entered and the findings and order of the Board. Upon such filing, the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction of the proceeding and of the question determined therein, . . .

"(f) Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any circuit court of appeals . . . by filing in such court a written petition praying that the order of the Board be modified or set aside. A copy of such petition shall be forthwith served upon the Board, and thereupon the aggrieved party shall file in the court a transcript of the entire record in the proceeding, certified by the Board, including the pleading and testimony upon which the order complained of was entered and the findings and order of the Board. Upon such filing, the court shall proceed in the same manner as in the case of an application by the Board under subsection (e). . . ."

transcript of the Board's proceedings. The subsection proceeds: "Upon such filing, the court shall cause notice thereof to be served upon" the person against whom enforcement is asked. Here it is quite plain that the court is without jurisdiction to take action at the behest of the Board until the transcript shall have been filed and notice of the filing of the petition and the transcript has been served. Subsection (f) affords relief to "any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought, . . ." Such a person, the statute declares, "may obtain a review" of the Board's order by filing in court "a written petition praying that the order of the Board be modified or set aside." A copy of the petition is to be served forthwith upon the Board, and "thereupon the aggrieved party shall file in the court a transcript" of the Board's proceedings. "Upon such filing, the court shall proceed in the same manner as in the case of an application by the Board under subsection (e), . . ." Plainly the court may not proceed to review the Board's order under either section until a transcript is filed.

Counsel for Republic urge, in support of the Circuit Court's action, that the words, "as hereinafter provided," in subsection (d), refer to the filing of the transcript required in an enforcement proceeding initiated by the Board authorized by subsection (e) but cannot have reference to a proceeding for review initiated by any other party before the Board pursuant to subsection (f). The words of the statute do not warrant this construction. Two filings are required by subsection (f), the first of a petition, the second of a transcript. After prescribing the second, the Act provides that "Upon such filing, the court shall proceed in the same manner as in the case of an application by the Board under subsection (e), . . ." The reference clearly is to the filing of the transcript and not to the filing of the petition. The con-

tention that the Act cannot be applied in accordance with its apparent intent is that, as only the Board can certify the proceedings, and the petitioner under subsection (f) must file the certified transcript, such : a construction would enable the Board to hold the transcript for an indefinite period and thus harass and embarrass a litigant, and delay, and perhaps deny, any effective judicial review. No such case is here presented. We have no occasion to determine what, if any, relief may be needed by or available to a party who has filed his petition for review, where the Board does not desire to modify or set aside its order but fails or refuses to furnish a transcript of its proceedings.

Jurisdiction as the term is to be applied in this instance, is the power to hear and determine the controversy presented, in a given set of circumstances. A court has jurisdiction, in another use of the term, to examine the question whether that power is conferred upon it in the circumstances disclosed, but if it finds such power is not granted it lacks jurisdiction of the subject matter and must refrain from any adjudication of rights in connection therewith. Since the statute empowers the Board, before the fling of a transcript, to vacate or modify its orders, certainly it does not confer jurisdiction upon the reviewing court to prohibit the exercise of the granted power. It is obvious that Congress intended to confer no jurisdiction upon the reviewing court to prevent the Board from seasonably vacating or modifying its order so as to make it comport with right and justice. The Act plainly indicates that the purpose was to give the court full and exclusive jurisdiction to review the Board's order in the respects indicated by the Act once the transcript of the Board's proceedings is before it. It is equally plain that the court is to have no power to prevent the Board from vacating or modifying its order prior to such plenary submission of the cause.

Counsel for Republic urges that the Board's petition to this court indicates that it does not intend irrevocably to abandon its former order but merely to regularize it and re-enter it after regularization and that the Act gives no power to do this after the Board has heard the case and issued an order. We have no occasion to speculate upon the future proceedings before the Board. It is enough that the petition shows that the Board desired to and would have vacated its order had it not been restrained by the action of the court. What the legal effect of its future proceedings may be we need not decide.

Counsel insist that Republic is aggrieved, within the meaning of subsection (f), by the Board's attempt to retain jurisdiction of the proceeding and take further steps in it. But the Act grants a review and relief only to a person aggrieved by an order of the Board, and had the court not restrained the Board its order would have been vacated and there now would be no order outstanding. The Board is given no power of enforcement. Compliance is not obligatory until the court, on petition of the Board or any party aggrieved, shall have entered a decree enforcing the order as made, or as modified by the court. Statutory authority to the Board to vacate its order prior to the filing of the transcript does not seem to us to differ materially from a like statutory authority to a master in chancery to modify or recall his report to a court after submission but before action by the court. No one could successfully claim to be aggrieved in a legal sense by such a statutory provision or assert that the legislature is incompetent to confer such power upon a master with consequent lack of jurisdiction in the court to forbid its exertion.

The investiture of a court with jurisdiction to review an order on the merits only upon the filing of a transcript exhibiting the Board's final action is not a denial of due process as suggested by counsel.

We think the writs prayed are appropriate remedies in the circumstances disclosed.[3] The Circuit Court was without jurisdiction of the subject matter. If the Board had complied with the orders made, a hearing would have resulted respecting the legality of supposed action of the Board which was not in law or fact the final action, review of which the statute provides. No adequate remedy would be open to the Board by way of certiorari from the court's ultimate review of an order which the Board was authorized and desired to set aside.

The expression in the return of readiness to vacate the order entered in the Circuit Court, if this court is of opinion that the tribunal lacked jurisdiction, renders the present issue of process supererogatory. Should the order not be vacated and occasion thus arise for the award of process, the clerk may issue it upon the order of a Justice of this Court.

MR. JUSTICE STONE and MR. JUSTICE CARDOZO took no part in the consideration or decision of this case.

MR. JUSTICE BUTLER, dissenting.

The case is not here as if on writ of certiorari or appeal for review of error alleged to have been committed by the lower court. This is an application for the writs of mandamus and prohibition to command and restrain action by the judges named. These may not be granted unless the lower court was plainly without jurisdiction to hear and determine the case or the particular issue. *In re New York & P. R. S. S. Co.,* 155 U. S. 523, 531. *Ex parte*

---

[3] Compare *Virginia* v. *Rives,* 100 U. S. 313, 329; *In re Rice,* 155 U. S. 396, 402; *In re New York & Porto Rico S. S. Co.,* 155 U. S. 523; *In re Atlantic City Railroad,* 164 U. S. 633; *In re Winn,* 213 U. S. 458, 466–468; *Ex parte Harding,* 219 U. S. 363, 377; *Ex parte Oklahoma,* 220 U. S. 191, 208; *Ex parte Chicago, R. I. & P. Ry.,* 255 U. S. 273, 275.

*Oklahoma,* 220 U. S. 191, 208. *Ex parte Chicago, R. I. & P. Ry.,* 255 U. S. 273, 275. Precisely, the question is whether, on the facts here disclosed, the court was without power to consider and decide upon the corporation's application for an order directing the Board to certify and file a transcript of the record and restraining in the meantime any other action by it. The decision just announced answers affirmatively, and that is the basis on which the Court commands vacation of the order of the lower court and prohibits it from reviewing the order of the Board. without first giving it a reasonable opportunity to vacate its order; that is, without giving the Board more time to proceed under § 10 (d). Obviously jurisdiction of the circuit court of appeals attached upon the filing of the corporation's petition for review and service of a copy on the Board. Any other construction of § 10 (f) would let the Board, by refusing to certify a transcript of proceedings before it, prevent judicial review of its orders. Congress did not so intend. While the statute expressly requires the person aggrieved to file a certified transcript, it impliedly, but not less plainly, commands the Board to certify the record. This Court's decision rests on the statement that, as the term is to be applied in this instance, jurisdiction is the power to hear and determine the controversy presented in a given set of circumstances. If the lower court had jurisdiction to entertain and decide the corporation's motion, writs of mandamus and prohibition may not be granted, for they are not available for correction of mere error or even abuse of discretion. *Interstate Commerce Comm'n* v. *New York, N. H. & H. R. Co.,* 287 U. S. 178, 203–204. *Ex parte Whitney,* 13 Pet. 404, 408. *Ex parte Taylor,* 14 How. 3, 13. *Ex parte Railway Co.,* 101 U. S. 711, 720. *In re Hawkins, Petitioner,* 147 U. S. 486, 490. *In re Atlantic City Railroad,* 164 U. S. 633, 635. *In re James Pollitz,* 206 U. S. 323, 331. Cf. *Ex parte Simons,* 247 U. S. 231, 240.

Stripped of unnecessary details and language, the circumstances under which the lower court made the challenged order may be stated briefly.

Upon charges made by the Steel Workers' Organizing Committee, the Board, July 15, 1937, issued complaint alleging that the corporation was engaging in unfair labor practices. The corporation joined issue. Before it filed answer, hearings were held by the Board, from July 21 to July 24. After answer, there were hearings before an examiner at various times and places between August 9 and September 27. April 8, 1938, the Board made its decision and order. It found the corporation guilty of practices denounced by the Act. It ordered it to cease and desist, to reinstate certain persons, to pay sufficient to equalize what certain persons would have earned if employed by the corporation during specified periods, less the amount they earned at other work during those periods.

April 18, the corporation filed in the circuit court of appeals its petition to have the Board's order adjudged invalid. The petition charges that, in violation of the corporation's rights under the due process clause of the Fifth Amendment, the Board ordered the corporation to reinstate persons not alleged in the complaint to have been unlawfully discharged or discriminated against by the corporation; and so directed notwithstanding the corporation had never been accorded or offered a hearing or opportunity of making defense as to the asserted rights of those persons; that the Board made the order without affording the corporation opportunity to present its case by argument, orally or upon brief. It alleges that, under the terms of the order, about five thousand persons may claim reinstatement, petitioner is required to reinstate or pay them as specified, the average wage is $6.50 per day. And it asserts that to defer reinstatement, pending decision by the court as to validity of the order, would

involve a risk of such magnitude as imminently to threaten its right to have review in court. And the petition avers that unless the order be stayed, irreparable injury and loss will result to the corporation and that it will be denied review of a substantial part of the order. It prays service of a copy on the Board, certification by the Board of the transcript as required by law, invalidation of the order, direction to the Board to dismiss its complaint, and a stay of the order and of proceedings by the Board to enforce it, excepting such as may be taken in court.

April 18, the day on which the corporation filed petition for review, the Board, consistently with the corporation's claim as to its duty under the Act, agreed promptly to certify the transcript and to file it in court. April 22, the corporation filed an application for stay and temporary relief. Its application cited § 10 (g), which declares that commencement of proceedings under § 10 (f) shall not, unless specifically ordered by the court, operate as a stay of the Board's order. It stated: The purpose of the application was to prevent irreparable loss and denial of review. If, pending final determination of the case, petitioner should fail to make reinstatements in accordance with the order, its potential weekly liability would exceed $95,000. On that basis the corporation sought suspension of the portion of the order that relates to reinstatement or payment of wages, so that, if it should be upheld, the corporation's liability to reinstate or to pay would commence ten days after the final decree of the court. In a brief submitted in support of its motion, the corporation maintained that the order is invalid because the corporation was not afforded a fair and full hearing and because the order is one for reemployment and not for reinstatement; and that unless the stay be granted, the corporation will suffer irreparable financial losses.

April 30 the corporation's motion came on for hearing. The Board appeared and argued against it. The court neither granted nor denied the application. The rule to show cause, issued May 3, recites that at the hearing, April 30, the Board stated that it "was seriously considering withdrawing, modifying or changing its order in the case and reopening same." The Board's application for vacation of that order states that at the hearing on April 30 the Board advised the court that it was contemplating vacating its order, and would advise the court of its final position not later than May 4, 1938; that, on May 3, it notified the corporation that it had definitely decided to vacate the order; but that, before any steps to do so could be taken, the court had issued the restraining order. The Board maintained that as the transcript had not been filed, § 10 (d) was applicable and that the Board then had the right to withdraw or vacate the order.

In its answer to the rule to show cause, the Board says that it was not guilty of refusal to certify or of dilatory tactics, and that on April 18 its counsel informed the corporation's counsel that the Board would as promptly as possible prepare the record for certification. "This task of considerable magnitude was forthwith commenced and was incomplete a week later when the supervening decision of the Supreme Court in *Morgan* v. *United States,* 304 U. S. 1, was rendered. . . . There is no question in this case, therefore, whether the court had jurisdiction to require the Board to file a record when such filing has been long delayed or refused by the Board. The Board has with all promptness elected to exercise its power to vacate its order under § 10 (d), and there is no merit in petitioner's claim that that section is inapplicable because the Board has evaded its obligations under the Act."

In these circumstances the court did not lack jurisdiction to hear and determine the controversy presented by

the corporation's application for an order directing the Board to certify the record for filing in court. The Act contemplates prompt action. Section 10 (i) declares that petitions filed under it shall be heard expeditiously "and if possible within ten days after they have been docketed." Power under § 10 (d) to change or vacate its order does not enable the Board to delay filing the record. At the bar counsel expressed the opinion that the Board may *vacate* an order without notice, § 10 (d). It had fifteen days, April 18 to May 3, to decide whether to vacate the order or join issue. That period included a week before and a week after our decision in *Morgan* v. *United States, supra.* The Board does not claim that it needed until May 3 to certify the transcript. So the issue before the lower court was the very narrow one, whether for an unreasonable length of time the Board withheld the record. And that question involves consideration of subsidiary ones: To what extent, if at all, a certification may be delayed by the choice of the Board to enable it to consider modification or repeal of its order. Whether after decision in *Morgan* v. *United States* more than a reasonable time had elapsed. While there is room for difference of opinion on these questions, it is very hard to perceive on what ground it may be held that the court was without jurisdiction to decide them, or even to conclude that the order was an arbitrary exertion of power, or that restraint against further delay by the Board involved an abuse of discretion.

I am of opinion that the lower court had jurisdiction of the case and of the issues decided by the challenged order, and that therefore the Board's application for writs of mandamus and prohibition should be denied.

MR. JUSTICE McREYNOLDS concurs in this opinion.