## NATIONAL LABOR RELATIONS BOARD
### v. FALK CORPORATION.
#### No. 6707.

Circuit Court of Appeals, Seventh Circuit.
July 13, 1939.

TREANOR, Circuit Judge, dissenting in part.

See, also, 102 F.2d 383.

Charles Fahy, Robert B. Watts, Mortimer B. Wolf, A. Norman Somers and Norman F. Edmonds, all of Washington, D. C., for petitioner.

Frank P. Burke and Giles F. Clark, both of Milwaukee, Wis., for Independent Union of Falk Employees.

Leon B. Lamfrom and A. J. Engelhard, both of Milwaukee, Wis., for respondent.

Before EVANS, MAJOR, and TREANOR, Circuit Judges.

EVANS, Circuit Judge.

Upon the filing of the opinion in this case both parties submitted draft orders for entry by this court. We found ourselves unable to accept either of the proposed orders and therefore drew one ourselves. To this order, the National Labor Relations Board filed objections, and a hearing was had at which time both parties gave us the benefit of extended oral arguments which were supplemented by briefs.

Controversy arises over the following paragraphs which this court on its own volition included in the final order:

"It is further ordered that said respondent withdraw recognition of the Independent Union as the representative of all or any of its employees for the purpose of dealing with it the respondent concerning grievances, labor disputes, wages or rates of pay, hours of employment, and other conditions of employment of labor; provided, however, that the said employees shall remain free to choose at the coming election, or any future election, the Independent Union to represent them in labor relation dealings with respondent; and provided further, however, that the said employees be uninfluenced or coerced in said election by the said respondent and that the respondent refrain from exercising any influence or coercion over the employees in their selection of said Independent Union. * * *

"It is further ordered that this court, by this order, is not approving nor is it disapproving the direction of the National Labor Relations Board in reference to a coming or possible election by employees to choose their bargaining agency, and this order is not to be construed as approving any future action which does not place upon the ballot the names of all labor agencies or unions which are seeking the votes of the employees to represent them in collective bargaining with respondent over labor disputes, wages, etc."

If we had nothing before us but the terms of an election by the employees about to take place, we would not act. The holdings of courts would justify our nonaction at this stage of the proceedings. Armour & Co. v. National Labor Relations Board, 105 F.2d 1016, decided by this court, Oct. 10, 1938, on authority of Matter of Petition of National Labor Relations Board, decided by United States Supreme Court, 304 U.S. 486, 58 S.Ct. 1001, 82 L.Ed. 1482; New York Handkerchief Mfg. Co. v. National Labor Relations Board, 7 Cir., 97 F.2d 1010, decided May 27, 1938.

We are, however, not merely passing on the terms of a contemplated or coming election. We have much broader and comprehensive issues to deal with. We are disposing of a labor dispute case wherein the proceedings have gone beyond mere plans by the Board for the calling of an election. We are, *upon the Board's petition,* disposing of a labor dispute which involved alleged interference on the part of the employer with the selection of the bargaining agent by the employees.

In affirming the finding of the Board that such interference occurred, we have, in addition to ordering certain action by the employer (a disclaimer, so to speak) before us for final disposition, the matter of the selection of the bargaining agent. It is not a case of our assuming jurisdiction in reference to an election, which may be held or called off, and therefore is not in the state of finality which permits of review, but we are passing upon *the application of the Board* for an order which deals with the selection of a bargaining agent and which, if we adopt the Board's position, proposes to eliminate for all time one of the candidates—the Independent Union. Under such circumstances we think the jurisdiction of the court to dispose of the matter clearly exists. Since the foregoing was written the Sixth Circuit has announced an opinion which upholds jurisdiction of the Court of Appeals upon facts not as strong as ours. International Brotherhood of Electrical Workers v. Nat. Labor Relations Board, 6 Cir., 105 F.2d 598, decided June 28, 1939.

■ Nor can final disposition of the order which the Board has petitioned this court to enforce be made without a consideration of the wishes of the employees, as well as of the action of the employer. The final disposition of this dispute calls for determination of a very vital question, namely, the right of the employees to *freely* select their bargaining agency. It may be true, and the Labor Board has so found and we have approved of its finding, that the employer exerted improper influence in favor of the Independent Union as the employees' bargaining agency and for that reason the selection of that body is, by this order, set aside. This, however, does not justify our refusing to the employees the right to freely select their bargaining agency,—even though their selection be the same one as was chosen before, when there was improper influence by the employer.

■ The situation is not dissimilar to that of an election where two political parties are seeking the favor of the electorate. In the course of one election improper influence was exerted. As a result the election is set aside and a new one is ordered. Assuming the second election is to give to the electors free opportunity to select their choice, the elimination of one party or its candidate from the ballot would not promote such an end. The spirit of the National Labor Relations Act, 29 U. S.C.A. § 151 et seq., calls for the *free,* the unhampered exercise of the employees' right to choose their bargaining agent. That free right does not exist when the employer influences the employees' action by methods which are condemned by the law or the decisions of the courts. Neither is it free or unhampered when the employees are denied the right to select one of the agencies or candidates by forcing that agency off the ballot.

■ It is for this reason that we have provided in the order that the coming election shall be free, uninfluenced by the employer and unhampered by any election order which eliminates as a contender one agency which has, apparently, substantial support among the employees. A copy of the order is here set forth:

(Title)

Whereas the National Labor Relations Board has petitioned this court for an order enforcing its order entered April 18, 1938, directing the respondent, The Falk Corporation, to cease and desist from dominating, interfering and contributing to the support of the Independent Union of Falk Employees or any other organization of its employees, or interfering with the employees' right to self-organization and collective bargaining; and ordering the respondent to withdraw all recognition from the said Independent Union, and to post notices that it will cease and desist as aforesaid and withdraw recognition from the said Independent Union; and

Whereas this court on March 7, 1939, filed its opinion upholding the order of the Board,

It is hereby ordered that the Falk Corporation, respondent herein, cease and desist from (a) dominating or interfering with the formation or administration of the Independent Union of Falk Employees or of any other labor organization of its employees and from contributing financial or other support to said Independent Union or any other labor organization; (b) from interfering with, intimidating, restraining, coercing, or endeavoring to coerce, its employees in their right to form, join or assist any labor organization or in exercising their right to freely and collectively bargain through representatives of their own choosing, or to freely engage in concerted activities for the purpose of collective bargaining.

It is further ordered that said respondent withdraw recognition of the Independent Union as the representative of all or any of its employees for the purpose of dealing with it, the respondent, concerning grievances, labor disputes, wages or rates of pay, hours of employment, and other conditions of employment of labor; provided, however, that the said employees shall remain free to choose at the coming election, or any future election held or conducted pursuant to the provisions of the N. L. R. Act, the Independent Union to represent them in labor relation dealings with respondent; and provided further, however, that the said employees be uninfluenced or coerced in said election by the said respondent and that the respondent refrain from exercising any influence or coercion over the employees in their selection of said Independent Union.

It is further ordered that the respondent shall post notices in conspicuous places throughout its Milwaukee plant and maintain such notices for a period of thirty consecutive days stating that the respondent will and does withdraw recognition of the

Independent Union of Falk Employees as representative of its employees for the purpose of dealing with the respondent concerning grievances, labor disputes, wages or rates of pay, hours of employment and other conditions of employment, and that it has, and does, completely disestablish such labor organization as such representative, and that it will not recognize it until and unless its said employees freely and of their own choice select the Independent Union as their representative to so deal with said respondent concerning said labor disputes.

It is further ordered that the respondent notify the Regional Director for the Twelfth Region in writing what steps it has taken to comply with this order, within forty days from the date of this order or in case application is made to the United States Supreme Court for a writ of certiorari, within thirty days from the date the Supreme Court affirms the decree or denies the writ, if it takes either action.

It is further ordered that this court, by this order, is not approving nor is it disapproving the direction of the National Labor Relations Board in reference to a coming or possible election by employees to choose their bargaining agency, and this order is not to be construed as approving any future action which does not place upon the ballot the names of all labor agencies or unions which are seeking the votes of the employees to represent them in collective bargaining with respondent over labor disputes, wages, etc.

TREANOR, Circuit Judge (concurring in part).

I do not concur in that part of the mandate of this Court which purports to control the election which has been authorized by the Board. There is no requirement in the National Labor Relations Act that the Board use an election to determine the majority choice of bargaining agents; and the whole matter of providing a method for the determination of such choice is left in the sound discretion of the Board. Whether an election shall be used at all, or whether the name of one or more proposed bargaining agents shall be placed upon the ballot must be determined by the Board in the light of the circumstances existing at the time when it becomes necessary for the Board to officially recognize the existence of a bargaining agent. In the instant case two organizations were competing for the privilege of representing the employees as their bargaining agent. The National Labor Relations Board has found, and this Court has affirmed the finding, that one of the groups was being dominated unlawfully by the employer and while so dominated could not be recognized as a bargaining agent. The National Labor Relations Board ordered the disestablishment of that group as a bargaining agent and provided for an "election" to give the employees a chance to express their sentiments respecting the other organization.

I do not think that the action of the Board in providing for the election is before this Court; but if it were I cannot agree that it was an abuse of discretion on the part of the Board to place upon the ballot only the organization which was competing with the company union which the Board found was being dominated unlawfully by the employer. But since in my opinion no question relating to the proposed election has been presented to this Court, I do not think that this Court should commit itself either to an approval or disapproval of the Board's order providing for an election; nor do I believe that this Court has the power to control the discretion of the Board by a judicial declaration of a general administrative rule for future control of the Board in matters purely administrative.