354

## ACADIA LAND CO., Inc., et al. v. HORUFF.
### No. 9234.

Circuit Court of Appeals, Fifth Circuit.

March 16, 1940.

Rehearing Denied June 13, 1940.

Elmo P. Lee and Joseph H. Jackson, both of Shreveport, La., for appellants.

E. K. Theus and Thos. W. Leigh, both of Monroe, La., for appellee.

Before FOSTER, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment finally discharging the appellee, after overruling objections to, and approving, his final account as receiver. The precise question presented involves the validity of a private sale of real estate conceded to have been made by the receiver without compliance with the provisions of the statute. 48 Stat. 1119, 49 Stat. 159, 49 Stat. 390, 28 U.S.C. A. § 847.

The only asset of the receivership was a large tract of land which was mortgaged to the First National Bank of Memphis, Tennessee. York, one of the appellants, was a creditor of Acadia Land Company, and its president. On October 2, 1935, the receiver petitioned the court for authority to make a private sale of the land, delineating the history and condition of the receivership and the proposed terms of sale, and prayed for the issuance of a rule directed to the mortgage creditor, First National Bank, to show cause why the sale should not be authorized. The bank did not oppose the petition, and the court thereupon ordered the receiver to make a private sale on the terms set forth. The deed of conveyance was accordingly executed, and, on an ex parte petition of the receiver, the judge wrote his approval and signed his name thereto.

No notice of hearing, by publication or otherwise, was given to any of the interested parties, either concerning the sale of the land or the confirmation of the sale, except the show-cause order to the bank. No appraisers were appointed, and no appraisal was made, nor were the terms of sale published in any newspaper, as required by the statute, giving opportunity for competitive bidding. Appellee contends, however, that these requirements are not mandatory, but merely directory, and, for that reason, the failure to comply with the statute does not invalidate the sale.

The section of the statute authorizing private sales of real estate is of recent enactment. It was designed to cure a defect with reference to the sale of land under court authority in cases where a public sale under existing statutes would result in a sacrifice of the property. Due to the opportunity for frauds in private sales, the Congress limited the power of the courts to confirm such sales to cases where notice, hearing, and appraisal had been afforded as provided in the statute authorizing the same. This purpose could not be effected if non-compliance with any material requirement were permitted, and, for that reason, all of the requirements

are, by the express terms of the statute, made conditions precedent to a valid sale.

██ We are not confronted here even with a substantial compliance with the provisions of the statute, but with a total disregard thereof. Under these circumstances, to hold this sale of real estate valid would have the effect of violating essential provisions of the very statute from which the power to act is derived. This sale was void because the court was lacking in jurisdiction to confirm it.[1] Cf. Williamson v. Berry, 8 How. 495, 12 L.Ed. 1170; Elliott v. Peirsol, 1 Pet. 328, 7 L.Ed. 164; Pan American Petroleum Co. v. Chase National Bank, 9 Cir., 83 F.2d 447.

The judgment approving the final account and discharging the receiver is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

---

[1] "Jurisdiction as the term is to be applied in this instance, is the power to hear and determine the controversy presented, in a given set of circumstances. A court has jurisdiction, in another use of the term, to examine the question whether that power is conferred upon it in the circumstances disclosed but if it finds such power is not granted it lacks jurisdiction of the subject matter and must refrain from any adjudication of rights in connection therewith." In re National Labor Board, 304 U.S. 486, 58 S.Ct. 1001, 1005, 82 L.Ed. 1482.