## OKIN v. SECURITIES AND EXCHANGE COMMISSION.

### No. 19199.

Circuit Court of Appeals, Second Circuit.

July 10, 1944.

Louis Engelberg, of New York City, for bankrupt-appellant.

Henry W. Parker, of New York City (Martin B. Nadle, of New York City, on the brief), for objecting creditor-appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

## PER CURIAM.

This case is before us on a motion of the respondent to dismiss the petition filed in this court by Samuel Okin under § 24(a) of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79x(a), to review orders of the respondent dated respectively December 28, 1943 and January 11, 1944.

The petitioner is a minority shareholder of Electric Bond & Share Company, owning 9,000 shares out of a total of some 5,250,000 shares of its outstanding common stock. Electric Bond & Share Company is a minority shareholder of American Power & Light Company, owning about 31% of its outstanding common stock. American Power & Light Company owns all the outstanding common stock of Florida Power & Light Company as well as certain other securities issued by the last named corporation. In 1941 the Commission instituted a proceeding under various sections of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79 et seq., directed to the three corporations above named, each of which is a holding company registered under the Act. The petitioner was not a party to that proceeding but was granted the privilege of limited participation therein pursuant to the Commission's rules. The orders which he seeks to review were made in that proceeding. Without describing the orders in detail it will suffice to say that they have to do with a proposed refinancing of Florida Power & Light Company's bonds and debentures and with other changes in its capital structure and its accounts intended to effect compliance with requirements of the Act. The orders are not directed to Electric Bond & Share Company or to its shareholders. Okin filed his petition in this court on February 26, 1944, to review the orders in their entirety. At earlier dates American Power & Light Company and Florida Power & Light Company had filed petitions for review of certain parts of the order of December 28th, American's petition having been filed in the First Circuit on February 5, 1944, and Florida's in the Fifth Circuit on February 25, 1944. The respondent has moved to dismiss Okin's petition on the ground that he is not a person "aggrieved" within the meaning of section 24(a) of the Act.

Roger S. Foster, Sol., and Homer Kripke, Asst. Sol., both of Philadelphia, Pa., Morton E. Yohalem, Counsel, Public Utilities Division, of New York City, and Sidney H. Willner and Alfred Hill, Attys., both of Philadelphia, Pa., for the respondent.

Samuel Okin, of New York City, pro se, in opposition.

The Commission has not as yet filed in this court a transcript of the record upon which the orders complained of were entered, as required by said section 24. Okin argues that we have no jurisdiction to entertain the motion until such transcript is filed. Although the section provides that the jurisdiction of a circuit court of appeals does not become exclusive until the transcript is filed, we have no doubt of our power before such filing to pass upon a motion to dismiss based upon a failure of the petitioner to meet the statutory requirements for review of an order. Thus the petition must be filed within 60 days after entry of the Commission's order; if filed late we should certainly have jurisdiction to dismiss the proceeding without requiring the futile act of filing the transcript. Identical considerations apply where the petition is filed by an unauthorized person, that is, one not "aggrieved"; and our power to dismiss seems likewise beyond question. As was pointed out in the case of In re Labor Board, 304 U.S. 486, 494, 58 S.Ct. 1001, 82 L.Ed. 1482, a court always has jurisdiction to determine whether or not it lacks power to hear and determine the controversy sought to be presented. See also, Clark v. Paul Gray, Inc., 306 U. S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; Novo Trading Corp. v. Commissioner, 2 Cir., 111 F.2d 449.

A corporate shareholder cannot be a person "aggrieved" within the meaning of the statute unless he has some valid right, either individual or derivative from his corporation, which is impaired by the orders in question. The only possible injury to Okin, assuming the orders to be erroneous, would be in a diminution in the value of his Electric Bond & Share stock. In effect he says that the orders will decrease the value of American's stock in Florida and consequently of Electric's stock in American and so in turn of his stock in Electric. Thus any cause of action he asserts is derivative, not individual, since he does not claim to suffer any damages peculiar to himself or different in kind from damages sustained by all common shareholders of Electric. See Green v. Victor Talking Machine Co., 2 Cir., 24 F.2d 378, 59 A.L.R. 1059; Singers-Bigger v. Young, 8 Cir., 166 F. 82; Fletcher, Corporations, Perm. ed. § 5911, 5913. Where a shareholder's right is derivative we think he must satisfy the usual requirements as to derivative suits before he can have standing as a person "aggrieved" to review an order of the Commission. Were this not so every shareholder of a corporation affected by an order could petition for its review in the circuit court of appeals of the circuit wherein he resides; a result which we are confident Congress did not contemplate. The First Circuit has recently expressed the same view in American Power & Light Co. v. Securities and Exchange Commission, 1 Cir., 143 F.2d 250. Okin's petition shows no efforts to satisfy the conditions of the rule under which shareholders may sue derivatively on behalf of their corporation. See Hawes, City of v. Oakland, 104 U.S. 450, 26 L.Ed. 827; United Copper Securities Co. v. Amalgamated Copper Co., 244 U.S. 261, 37 S. Ct. 509, 61 L.Ed. 1119; F.R.C.P. Rule 23 (b), 28 U.S.C.A. following section 723(c). It is now too late for that defect to be cured. Consequently the motion to dismiss is granted.