**OKIN v. SECURITIES AND EXCHANGE COMMISSION.**

**No. 19241.**

Circuit Court of Appeals, Second Circuit.

July 10, 1944.

946

Roger S. Foster, Sol., and Homer Kripke, Asst. Sol., both of Philadelphia, Pa., Morton E. Yohalem, Counsel, Public Utilities Division, of New York City, and Sidney H. Willner and Alfred Hill, Attys., both of Philadelphia, Pa., for the respondent.

Samuel Okin, of New York City, pro se, in opposition.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The order of which review is sought in this proceeding approves refinancing of a loan made by Electric Bond & Share Company to American & Foreign Power Co., Inc. The order was entered upon the joint application of the two companies. Electric Bond & Share owns 40.22% of the common stock of American & Foreign Power, as well as large blocks of its other securities. Originally two loans were made: $30,000,000 in 1931 and $5,000,000 in 1932. Subsequently a note, dated February 14, 1935, was given by the debtor to secure the full sum, with an undertaking to pay interest at 7%. The principal was nominally due November 15, 1938; some time thereafter the parties considered the debtor in default and reduced the interest payments to the legal rate of 6 per cent. The proposed refinancing, as approved by the Commission, consists of a $5,000,000 cash payment from American & Foreign Power, and notes for the $30,000,000 balance bearing interest at the rate 'of 3% and maturing at intervals during five years after their execution.

In this proceeding, as in No. 19,-199 in which we have this day decided a similar motion, 143 F.2d 943, the petitioner's interest is based on his ownership of 9,000 shares out of a total of some 5,250,000 shares of the common stock of Electric Bond & Share Company. The gist of the injury complained of is that the refinancing approved by the Commission's order will impair the value of his stock by reducing the interest income of Electric Bond & Share. The Commission has moved for dismissal of Okin's petition on the ground (1) that he is not a person "aggrieved" and (2) that his contentions as to error in the order are frivolous. For reasons considered in our opinion in No. 19,199 we hold that we have jurisdiction to determine whether Okin is aggrieved, notwithstanding the fact that a transcript has not been filed with us, and that Okin's rights are derivative, not individual. However, it affirmatively appears in this proceeding that Electric Bond & Share, from which Okin derives his rights, was one of the moving parties in securing the order. In such a case demand by an objecting stockholder that his corporation seek review of the order would be futile and need not be shown. Okin therefore has "standing to sue", and is an aggrieved party entitled to a review on the merits.

As a second ground for dismissal the Commission argues that Okin's contentions as to error in the order are frivolous. Whether to demand payment of a debt upon maturity or to extend it in whole or in part at a 3% rate of interest would seem to be a matter of business judgment upon which shareholders must accept the decision of the directors in the absence of proof of bad faith in the exercise of their judgment. Hence it may well be that the petitioner's attack upon the order in question lacks merit; but, if so, the result should be affirmance of . the order rather than dismissal of the proceeding for review, and we think the court lacks jurisdiction to consider the merits of the order until the transcript is filed. Accordingly the motion to dismiss is denied.