**FEDERAL TRADE COMMISSION,**
Petitioner,

v.

**INTERNATIONAL PAPER COMPANY,**
a corporation, Respondent.

No. 24409.

United States Court of Appeals
Second Circuit.

Argued Dec. 14, 1956.

Decided Dec. 14, 1956.

Earl W. Kintner, Gen. Counsel, Robert B. Dawkins, Asst. Gen. Counsel, John T. Loughlin, Asst. to the Gen. Counsel, James E. Corkey, Atty., Washington, D. C., for Federal Trade Commission, petitioner.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for respondent, Theodore Kiendl, George A. Brownell, John F. Rollins, New York City, and Edward F. Howrey, Washington, D. C., of counsel.

Before SWAN, MEDINA and WATERMAN, Circuit Judges.

PER CURIAM.

When this petition came on for oral argument on December 14, 1956, it was dismissed from the bench for lack of jurisdiction, with the statement that a written opinion would be handed down later.

The petition was filed November 27, 1956 and the respondent's answer on December 11. Without going into greater detail it will suffice to say that the peti-

tion alleges in substance that on November 5, 1956 the stockholders of International Paper Company, a New York corporation, and the stockholders of two Missouri corporations, Long-Bell Lumber Corporation and Long-Bell Lumber Company, voted upon and approved a plan of merger; that on November 6, 1956 the Federal Trade Commission filed a complaint charging that International by acquisition of the two Long-Bell companies had violated section 7 of the amended Clayton Act, 15 U.S.C.A. § 18, in that such acquisition may substantially lessen competition or tend to create a monopoly as more particularly specified in the complaint; and that if the Commission, after hearings, should find that section 7 has been violated and should order International to divest itself of stock and assets acquired, "it will be impossible to separate the acquired assets from those which are the joint result of the combined operations and the assets of International," if action contemplated by the respondent with respect to the acquired companies is allowed to occur. The prayer for injunctive relief in substance asks that the status quo be maintained until conclusion of the administrative proceeding.

 The Clayton Act contains a scheme of dual enforcement. United States v. W. T. Grant Co., 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303. Section 7 of the Act, and certain other sections not here relevant, may be enforced either by cease and desist orders of the Commission, 15 U.S.C.A. § 21, or by suits in equity instituted by the several district attorneys in their respective districts, under the direction of the Attorney General, 15 U.S.C.A. § 25. United States Alkali Export Ass'n v. United States, 325 U.S. 196, 208, 65 S.Ct. 1120, 89 L.Ed. 1554. Individuals may also have injunctive relief against threatened loss or damage by a violation of the anti-trust laws under the same conditions and principles as govern the granting of injunctions by courts of equity, that is to say, district courts, 15 U.S.C.A. § 26. These specific provisions as to who may seek injunctive relief, and in what courts, imply that the Commission itself is not authorized to do so. This implication is required by the statutory provisions of 15 U.S.C.A. § 21, under which a court of appeals acquires jurisdiction to review an order of the Commission only after the administrative proceeding has been concluded and a transcript of the record therein filed with the court.[1] The Commission's findings of fact, if supported by substantial evidence, are conclusive upon the court, and if either party shows grounds for adducing additional evidence, the court may order it to be taken before the Commission. The Clayton Act clearly recognizes that a court of appeals has no fact finding powers, and that if an injunction is to be obtained by a United States Attorney or a private litigant it must be sought in a U. S. District Court under sections 25 or 26 of Title 15, U.S.C.A. Nor did this legislation contemplate applications by the Commission for interlocutory relief by way of injunction to maintain the status quo during the pendency of a proceeding before the Commission.

 Relying upon Board of Governors of Federal Reserve System v. Transamerica Corp., 9 Cir., 184 F.2d 311, the Commission argues that authority for it to seek an injunction here may be implied from the "all writs" section, 28 U. S.C. § 1651(a), which authorizes the Courts of Appeals to issue any writ "necessary or appropriate in aid of their respective jurisdictions." But, since the pattern of enforcement adopted by the Congress in the Clayton Act makes clear that the Commission was not intended to have such authority, the "all writs" section cannot be invoked to circumvent this limitation. And, if the Commission has no authority to seek an injunction, it is clear we have no power to grant it

---

1. Cf. Federal Power Comm. v. Metropolitan Edison Co., 304 U.S. 375, 58 S. Ct. 963, 82 L.Ed. 1408; In re National Labor Relations Board, 304 U.S. 486, 58 S.Ct. 1001, 82 L.Ed. 1482.

374

such relief. With all due respect to our brethren of the Ninth Circuit, we are therefore constrained to disagree with the conclusion arrived at in the Transamerica case.[2]

Action dismissed.

2. It may well be that the Third Circuit in the recent Farm Journal case, D. 6388, also disagreed with the Transamerica case, but, as no opinion was written, the precise ground on which the Third Circuit refused to grant the requested injunction does not appear.