## OKIN v. SECURITIES AND EXCHANGE COMMISSION.

Circuit Court of Appeals, Second Circuit.

Dec. 1, 1944.

Samuel Okin, of New York City, pro se, petitioner.

Morton E. Yohalem, Public Utilities Division, Securities and Exchange Commission, of Philadelphia, Pa. (Roger S. Foster, Sol., and Alfred Hill, Atty., Securities and Exchange Commission, both of Philadelphia, Pa., on the brief), for respondent.

Daniel James, of New York City (Wright, Gordon, Zachry, Parlin & Cahill, of New York City, on the brief), for Electric Power & Light Corporation.

Before SWAN and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The order of the Commission for which review is sought authorizes Electric Power & Light Corporation to use its funds to the extent of $6,316,700 for the purchase of preferred stock of Mississippi Power & Light Company—its subsidiary whose common stock it wholly owns—subject, however, to the condition that it convert all preferred stock so acquired into Mississippi common stock within four months. This order is one of the steps taken by the Commission in disintegrating the great Electric Bond and Share utility holding system, and comes in direct sequence after the order of August 22, 1942, requiring the dissolution of Electric Power & Light, a subsidiary of Bond and Share—an order which was recently affirmed in Electric Power & Light Corp. v. Securities and Exchange Commission, 1 Cir., 141 F.2d 606. Thereafter Electric Power & Light sold its holdings of common stock of its subsidiary Idaho Power Company, pursuant to Commission order in accordance with the geographic integration provisions of the Public Utility Holding Company Act of 1935, § 11(b) (1), 15 U.S.C.A. § 79k(b) (1). The Commission, however, specifically reserved jurisdiction over the use of the proceeds, amounting to $10,291,845, and first approved the Corporation's application to use them to purchase its own debenture bonds, at prices not in excess of principal and interest. But since no bonds were available at this price during the four-month period set for purchase by the Commission, the Commission consequently granted the further application of the Corporation for the order here in question.

The petition for review is brought by Samuel Okin, a stockholder in the parent Bond and Share Company, owning 9,000 out of a total of some 5,250,000 shares of its outstanding common stock; it asserts broadly and indiscriminatingly a conspiracy on the part of the Commission and the Corporation to depress the value of the common stock for the benefit of preferred or secured holders generally and of Mississippi in particular. The Commission has

made a motion, in which the Corporation joins, for dismissal of the appeal as moot, the order having been carried out in substance (as appears from its later order of August 21, 1944, the subject also of a petition for review by Okin now pending, but not immediately before us); or in the alternative it asks for summary affirmance of its order.

The condition which the Commission has attached to its order here under review is based upon § 11(b) (2) of the Act, 15 U.S.C.A. § 79k(b) (2), which, while denying power to the Commission to change the corporate structure of a public utility company not a holding company, makes exception where necessary to avoid undue or unnecessary complication of the structure, or unfair or inequitable distribution of voting power among security holders, of the holding-company system. Here, while Mississippi's common stock had 88.3 per cent of the voting power of that company, its equity was not in excess of 11.3 per cent of the total; and the Commission, therefore, determined that the equity must be increased by conversion of the preferred stock as purchased into common stock. Actually this result was achieved by merely delivering up the preferred stock purchased (20,182 shares from 370 scattered shareholders at a cost of $2,026,661.27) to Mississippi for cancellation; and the later order of August 21, 1944, approves of this, as well as of a refunding of a bond issue at a lower interest rate, all increasing the stated value of Mississippi's common stock from $2,500,000 to $4,750,000. And as the Commission found, the result was also to increase the equity for the common stock to an amount in excess of 20 per cent of the total.

■ On the surface the transaction here attacked would seem one well within the business judgment of the Corporation and the expert supervision of the Commission. The Corporation had received cash for a sale as a step in its required dissolution; it tried first to retire its own senior securities, and that not proving feasible in view of the too favorable state of the market, it achieved a substantial equivalent—as well as a more equitable distribution of voting power of its subsidiary, as required by the Commission—by retiring preferred securities of the subsidiary, with resultant increase in value of the common stock which it owns. Nor does petitioner, in spite of his many pages of charges and argument which it is an understatement to term "vigorous," show anything to the contrary. He appears to believe that there was something improper in the change of plan from the purchase of the Corporation's own bonds to that for purchase of Mississippi preferred stock; but that was plainly covered—so that no stockholder could be "lulled to sleep" thereby even had he some sound ground of objection thereto —by the provision of the original order retaining jurisdiction over the disposition of the proceeds of the Idaho sale. Nor does the ultimate cancellation of the Mississippi stock which the Corporation succeeded in purchasing amount to a gratuity to that company; it appears only an appropriate way of increasing the value of the Corporation's investment in Mississippi. Finally, petitioner's general contention that the Commission shows undue consideration for the rights of senior security holders at the expense of common stockholders appears to run counter to settled federal philosophy as exemplified in Case v. Los Angeles Lumber Products Co., 308 U.S. 106, 60 S.Ct. 1, 84 L.Ed. 110, and similar cases. Petitioner urges that in the public interest we should review the order at large, and not merely from the standpoint of his individual interest. The difficulty is, however, that after all we are a court of review; and if after examination of a voluminous record and some eighty pages of affidavit and brief filed by him we still cannot see what so disturbs him or any ground of exception to the proceedings, we feel we have no other recourse than to affirm.

■ Petitioner objects to summary disposition of the case and asks opportunity for further argument. Even though the order has been carried out, we do not think he should be deprived of his right to a review, cf. Okin v. Securities and Exchange Commission, 2 Cir., 143 F.2d 945, and hence we shall not dismiss his petition as moot. But since we have had to pass upon the entire appeal on this motion, and petitioner has presented all his objections so extensively without convincing us of their validity, we see no advantage in prolonging the proceedings further. Of course, we have authority to affirm summarily (Rule 7, making applicable Supreme Court Rule 7(4), 28 U.S.C.A. following section 354), an authority which we exercise sparingly, both because of our desire to assure litigants of their full day in court

and our experience that a motion for summary affirmance tends rather to burden than to facilitate the disposition of our work. But here, in view of the full hearing had, the motion amounts in substance only to a request for a preference, which is perhaps reasonable in view of the expense of delay (interest charges to be saved by the proceedings before the Commission are said to be in excess of $1,000 per day) and the vast complications of the task before the Commission affecting this one system alone, a task rendered more difficult by the continuous appeals of this litigant on grounds whose substance we have been unable to fathom in those cases which have come to final adjudication before us.

The motion for affirmance of the Commission's order is granted.