### CHICAGO & N. W. RY. CO. v. UNITED STATES et al.

#### Civil Action No. 430629.

District Court, N. D. Illinois, E. D.

Oct. 4, 1943.

66

Helen W. Munsert and Luther M. Walter, both of Chicago, Ill., for plaintiff.

Tom C. Clark, Asst. Atty. Gen., Robert L. Pierce, Sp. Asst. to Atty. Gen., and J. Albert Woll, U. S. Dist. Atty., of Chicago, Ill., for the United States.

Daniel W. Knowlton, Chief Counsel, and Daniel H. Kunkel, Principal Atty., both of

Washington, D.C., for Interstate Commerce Commission.

Kenneth F. Burgess, Douglas F. Smith, and George Ragland, Jr., all of Chicago, Ill., for Life Insurance Group Committee.

Fred N. Oliver and Willard P. Scott, both of New York City, for Mutual Savings Bank Group Committee.

Before KERNER, Circuit Judge, and BARNES and SULLIVAN, District Judges.

PER CURIAM.

This is a complaint for an injunction and other equitable relief from orders of the Interstate Commerce Commission of December 12, 1939, April 2, 1940, and June 7, 1943, made by the Chicago and North Western Railway Company, acting on behalf of its stockholders, to a statutory three-judge court constituted under Chapter 32, 38 Stat. 220, the Urgent Deficiencies Act, 28 U.S.C.A. § 47. Plaintiff's objective in this action is to gain the right to re-open proceedings which resulted in the Commission's orders approving a plan of reorganization. This is the latest attempt[1] to change the plan so as to make provision for plaintiff's stockholders, and the principal argument now put forward as justification for the alleged stockholders' right to have an interest in the reorganized corporation is based on increased earnings from wartime traffic.

In view of the fact that the orders complained of were entered under Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, the only issue which we find it necessary to decide is whether this court has jurisdiction to review them under the limited power given to us by Chapter 32 of the Urgent Deficiencies Act, 28 U.S.C.A. §§ 41(28), 46, 47.

---

[1] On June 28, 1935, plaintiff filed a petition in the District Court of the United States for the Northern District of Illinois containing its desire to effect reorganization under Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205. On December 12, 1939, the Commission entered its order approving a plan of reorganization. In re Chicago & N. W. R. Co., 236 I. C. C. 575. On April 2, 1940, this plan was modified and approved. 239 I.C.C. 613. After modification, the District Court approved this plan. 35 F. Supp. 230. After the District Court had

confirmed the plan, the Circuit Court of Appeals affirmed its decree. 7 Cir., 126 F.2d 351. Certiorari was denied by the Supreme Court on April 19, 1943, and petition for rehearing of such denial was denied by that Court on May 17, 1943. Chicago & N. W. Ry. Co. v. Bank Committee, 318 U.S. 793, 63 S.Ct. 987, 87 L.Ed. ——; Id., 63 S.Ct. 1160, 87 L.Ed. ——. The fact that the plaintiff's earnings and cash position had improved was forcefully called to the attention of the appellate tribunals.

Section 77 of the Bankruptcy Act contains detailed provisions governing the procedure to be followed after the Interstate Commerce Commission has approved a plan of railroad reorganization. These provisions, 11 U.S.C.A. § 205, subs. b, d, e, f, make it clear that appeal from Commission orders in connection with bankruptcy proceedings lies only to a district court (of one judge) sitting in bankruptcy, not to a district court (of three judges) assembled under the Urgent Deficiencies Act. After an order of the Commission has been approved by the bankruptcy court, submitted to vote of creditors and subsequently confirmed by the district court sitting as a court of bankruptcy, the order is no longer merely an order of the Commission, but has the character of a valid judicial decree of the bankruptcy court. Section 77 sub. f, 11 U.S.C.A. § 205 sub. f, which states that the provisions of the plan and of the order of confirmation shall be binding "subject to the right of judicial review," clearly intends that the "judicial review" shall be by the circuit court of appeals and thence to the Supreme Court, not to a three-judge district court. The prescribed procedure was followed in this case, and now, having failed in its attempts to win judicial support for its contentions in the designated forums, plaintiff seeks reconsideration of its arguments by a still further procedure which is not open to it.

Recent opinions of the Supreme Court state the functions of the Commission in formulating plans of reorganization, Ecker v. Western Pac R. Corp., 318 U.S. 448, 63 S.Ct. 692, 87 L.Ed. ——, and Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pacific R. Co., 318 U.S. 523, 63 S.Ct. 727, 87 L.Ed. ——, and at least imply that its orders therein are not adapted to review under the Urgent Deficiencies Act, but only to the court review specifically provided for in Section 77 of the Bankruptcy Act. Because Congress made no reference to review by the Urgent Deficiencies Act court, but instead provided in detail for review of these orders by the bankruptcy court, no review by the former was contemplated. Since plaintiff has taken full advantage of the permissible review, it can hardly protest that it has not had such a full and fair hearing as to necessitate a consideration of its complaint by a three-judge district court.

Despite the seemingly applicable language of the Urgent Deficiencies Act to "any order of the Interstate Commerce Commission," the Supreme Court has ruled that it does not apply where the Commission's order is issued, not under the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., but under some other Act, where the Urgent Deficiencies Act is not made specifically applicable, and where some other means of review is open. United States v. Griffin, 303 U.S. 226, 58 S.Ct. 601, 82 L.Ed. 764. Here the Commission was working in co-operation with the bankruptcy court under the Bankruptcy Act, the Urgent Deficiencies Act was not made applicable, and other methods of review were open. It seems especially inappropriate to seek review in a three-judge court under the Urgent Deficiencies Act after the District Court, the Circuit Court of Appeals, and the Supreme Court have stamped the Commission's orders with approval.

Reason, as well as authority, supports this view that appeal from Commission orders in bankruptcy proceedings should be limited to the district court sitting in bankruptcy. If an appeal were allowed to a three-judge court, that court would probably be unfamiliar with the reorganization plan, which would result in delay, expense, and confusion. Since these were the very evils which Section 77 of the Bankruptcy Act was aimed to reduce, Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pacific R. Co., 318 U.S. 523, 545, 63 S.Ct. 727, 87 L.Ed. ——, it seems eminently sensible to restrict appeals to bankruptcy courts.

The motion of the defendants to dismiss the complaint is hereby granted and it is ordered that judgment be entered in favor of the defendants.