## OKIN v. SECURITIES AND EXCHANGE COMMISSION.

### No. 19496.

Circuit Court of Appeals, Second Circuit.

Oct. 24, 1944.

Morton E. Yohalem, Public Utilities Division, Securities and Exchange Commission, of Philadelphia, Pa. (Roger S. Foster, Sol., and Sidney H. Willner, Atty., Securities and Exchange Commission, both of Philadelphia, Pa., on the brief), for the motion.

Reid & Priest, of New York City, for United Gas Corporation; Wright, Gordon, Zachry, Parlin & Cahill, of New York City, for Electric Power & Light Corporation; and Simpson, Thacher & Bartlett, of New York City, for Electric Bond and Share Company, also filed affidavits in support of the motion.

Samuel Okin, of New York City, pro se, petitioner, in opposition.

Before SWAN and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This proceeding comes before us on the motion of the Securities and Exchange Commission to dismiss a petition filed September 20, 1944, by Samuel Okin for review of a Commission order of September 7, 1944, conditionally approving a plan for the reorganization of United Gas Corporation filed by that corporation, its parent, Electric Power & Light Corporation, a registered holding company, and the latter's parent, Electric Bond and Share Company, also a registered holding company. The reorganization plan provides, primarily, for the sale by United Gas Corporation of $100,000,000 of First Mortgage Bonds, the proceeds of which are to be used to retire that company's publicly held First Preferred Stock at its contract redemption price and to provide for the payment of $44,000,000 in cash to the Electric Bond and Share Company in full settlement of all its claims against the United Gas Corporation, including $52,925,000 in debt claims. The motion to dismiss is based on the contention that jurisdiction to review the plan and all objections to it is now vested in the United States District Court for the District of Delaware, wherein the Commission filed a petition for enforcement of the plan on September 8, 1944.

Petitioner, a stockholder in Bond and Share, bases his right to a review on § 24 (a) of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79x(a), which provides that "Any person or party aggrieved by an order issued by the Commission under this chapter may obtain a review of such order in the circuit court of appeals of the United States within any circuit wherein such person resides or has his principal place of business" by filing his petition within sixty days. The section contains detailed procedural provisions, including the requirement that "the Commission shall certify and file in the court a transcript of the record upon which the order complained of was entered," whereupon "such court shall have exclusive jurisdiction to affirm, modify, or set aside such order, in whole or in part." The Commission relies, however, on the provisions of § 11 (e) of the same Act, 15 U.S.C.A. § 79k(e), which, after giving jurisdiction to the Commission to pass upon a plan for the reorganization of any subsidiary company of a registered holding company, states that the Commission may, in accordance with § 18 (f) of the Act, 15 U.S.C.A. § 79r(f), apply to the district court of the United States for the proper district to "enforce and carry out the terms and provisions of such

plan." Section 11(e) further provides that, if the court, after notice and opportunity for hearing, "shall approve such plan as fair and equitable and as appropriate to effectuate the provisions of this section, the court as a court of equity may, to such extent as it deems necessary for the purpose of carrying out the terms and provisions of such plan, take exclusive jurisdiction and possession of the company or companies and the assets thereof, wherever located," with further power to appoint a trustee to hold or administer the assets so possessed.

It is the Commission's contention that the general provision for review of Commission orders at the behest of a single person must yield to the particular authority given a single district court to pass upon the provisions of a plan as fair and equitable and to enforce it. As supporting this view, it refers to not only the statute above quoted, which makes the approval of the district court a condition precedent to enforcement of the plan, but also the terms of its own order making the plan "operative" only upon the entry of an enforcement order by the appropriate district court. Hence it says that both by fair interpretation of the statute and by express terms of the order of which review is sought, it is as yet merely interlocutory, lacking the finality necessary for immediate review, and further that petitioner does not now show himself "aggrieved" by any order of the Commission. And if and when the district court, which is now conducting hearings, does enter an enforcement order, then all parties in interest will have their usual rights of appeal therefrom.[1]

The broad terms of review accorded by § 24(a) of the Act of course show a general legislative intent to give parties aggrieved by Commission orders the opportunity to present their case for review to the circuit court of appeals of their own circuit, and there is no exception in terms for orders which must be brought for enforcement to a district court. Thus, the situation here presented appears to be one not directly contemplated by the lawmakers. It seems clear, however, that a rational interpretation of the entire statute must support the Commission's view if all parts of it are to be given due weight and application, and a consistent and workable scheme of enforcement, as well as of review, is to be applied. The provisions of § 11 compel full review of an order such as this in a district court for all parties in interest, thus making limited reviews for single parties in interest in other courts quite intolerable for the conflicts in jurisdiction which must result; and the broad scope of review stated in § 24 becomes in terms inapplicable because of the interlocutory nature of the Commission's action in the circumstances.

Several factors support this conclusion Thus, it may be noted that § 11, a long section comprised of several subsections, all dealing with "Simplification of holding-company systems," contains not only the provision here invoked, sub. (e), for a complete reorganization of companies involved with the adoption of "fair and equitable" reorganization plans, but also other provisions for less extensive, or at any rate different, changes in such systems. Thus, in sub. (b) it is made the duty of the Commission to take various steps to limit the operations of the holding-company system of which a registered holding company is a part "to a single integrated public-utility system, and to such other businesses as are reasonably incidental, or economically necessary or appropriate to the operations of such integrated public-utility system." It is not necessary to examine the details of this somewhat extensive subsection other than to note its last sentence, which reads: "Any order made under this subsection shall be subject to judicial review as provided in section 24." The significance of this express provision for general review in this instance, and its omission as to sub. (e), is not to be overlooked. Obviously it was required in the earlier subsection, where there

---

[1] The Commission also objects to the standing of petitioner as a party aggrieved, since he is only a stockholder of the grandparent holding company; but this point is not pressed at this time, in view of our holding in a similar case, Okin v. Securities and Exchange Commission, 2 Cir., 143 F.2d 945, that its determination is not possible prior to the filing of some record of the proceedings below. Petitioner, in turn, objects to the standing of the three corporations—the debtor and the parent holding companies—to join in support of the Commission's motion, as not that of formal intervenors, a point we need not determine, in view of our decision herewith and their obvious interest at least as amici curiae. Petitioner also complains of unfair rulings against him in the district court proceedings in which he has already participated; but such issues are clearly for the court to which by law is committed the review of such proceedings.

would be no opportunity for appeal from a district court order on a reorganization plan, since no such plan, or resort to the district court for enforcement, was there contemplated or authorized.

Of further significance is the legislative history of the Act, evincing a congressional intent that the relationship of the Securities and Exchange Commission and the district court provided for in § 11 should be "exactly" the same as that of the Interstate Commerce Commission and the district court in railroad reorganization under § 77 of the Bankruptcy Act, 11 U.S.C.A. § 205.[2] A review provision in § 77, which provides for equitable relief from any "order of the Interstate Commerce Commission" in accordance with the usual review of orders of that commission before a statutory three-judge court, 28 U.S.C.A. § 47, has been held inapplicable to a Commission order approving a plan of reorganization, which was, of course, subject to further approval by the district court. Chicago & N. W. R. Co. v. United States, D. C. N. D. Ill., 52 F.Supp. 65, affirmed 320 U.S. 718, 64 S.Ct. 369. Even without the statement in the legislative debates, the two situations would have appeared so closely comparable as to make this precedent persuasive.

Finally, the practicalities of the situation press heavily for this result. It is hardly conceivable that a petition for review by a single individual should bar proceedings on the plan in the district court; for that would mean that the holder of an inconsiderable interest, such as the petitioner here actually is, would force all the other parties either to follow his course or await the outcome of his litigation. Indeed, parties who were relying on the district court's notice of opportunity to be heard—required by § 11(e)—would naturally allow the sixty-day period for review to elapse without filing their petition in some distant appellate court. But if the two proceedings advance simultaneously, the resulting situation is even less attractive. Which of two probably conflicting orders should prevail is, of course, not made clear; since the district court has the ultimate responsibility for determining whether the plan is fair and equitable, it would seem that in final analysis that court must have authority to nullify any opposing action of any other court. On the other hand, petitioner is afforded complete relief by the right of appeal accorded all persons aggrieved by a district court order. True, he may have to go to the court of the corporations' domicile in order to present his objections; but it is quite clear that in the case of these vast corporate structures, no unified judicial control is possible unless some of the parties must travel somewhat beyond the confines of their own circuit. The confusion and delay incident to allowing this review, contrasted to the insignificant inconvenience caused the petitioner by dismissal of his present petition, make the indicated result here not at all doubtful.

Cases relied on by the petitioner do not seem to us to controvert this conclusion. Thus, in L. J. Marquis & Co. v. Securities and Exchange Commission, 3 Cir., 134 F.2d 822, the point is not discussed beyond an assertion of exclusive jurisdiction in a single circuit court—a view we had already followed. L. J. Marquis & Co. v. Securities and Exchange Commission, 2 Cir., 134 F. 2d 335; cf. Okin v. Securities and Exchange Commission, 2 Cir., 134 F.2d 333. We are informed, however, that the plan there did not specifically describe the mode of enforcement contemplated, and the companies requested court enforcement only after the circuit court of appeals had already obtained "exclusive jurisdiction" under § 24(a). Whether or not the issue was squarely presented is not clear, since it came up merely on an application for a stay of the there earlier proceedings, which was denied without opinion. The case of In re Securities and Exchange Commission (Otis & Co., Intervener), 3 Cir., 142 F.2d 411, actually tends to support dismissal of this petition. There the court held—on an appeal from a district court decree, In re United Light & Power Co., D. C. Del., 51 F.Supp. 217—that a party who had not participated in the proceedings before the Commission could, nevertheless, intervene

---

[2] Thus, in the course of a debate on the Senate floor, Senator Wheeler made the following statement concerning § 11(f): "If I am not mistaken about the matter, we employ exactly that procedure in railroad reorganizations at the present time." 79 Cong. Rec. 8845, 1935. Sec. 11(f) provides for the appointment of the Commission as trustee in a proceeding pending in a court of the United States and for the submission of a plan by it, not by the holding or subsidiary companies as under § 11(e); but the statement of Senator Wheeler seems equally applicable to the two subsections.

in the district court enforcement proceeding and appeal therefrom, since such enforcement proceeding was in the nature of a review. Hence this case supports the contention that § 11(e) provides for an orderly method of review other than that contemplated by § 24(a).

We conclude, therefore, that petitioner must be referred to the District Court for the District of Delaware for the protection of such rights as he may have in the premises, and that the motion to dismiss the petition for review must be granted. The petition for review is, therefore, dismissed.