AMERICAN DISTILLING COMPANY, Plaintiff, and CRAFTSMAN FINANCE & MORTGAGE Co., INC., Intervener Plaintiff, *v.* RUSSELL R. BROWN, Defendant.

Supreme Court, Special Term, New York County, December 12, 1944.

*William G. Mulligan* and *Milton Kaplan* for defendant.

*Harold R. Medina, Eugene A. Sherpick, William Gilbert* and *Richard T. Davis* for plaintiff.

*Milton Pollack* and *Ludwig Mandel* for intervener plaintiff.

*Roger S. Foster* and *Arden L. Andresen* for Securities Exchange Commission, *amicus curiæ*.

PECORA, J. The jurisdiction of this court over the subject matter of this action, is challenged by the defendant upon motion to dismiss the complaint under subdivision 2 of rule 106 of the Rules of Civil Practice. This is one of five actions brought by plaintiff corporation against certain of its officers and directors to recover profits alleged to have been unlawfully made by them in dealings in the stock of the company contrary to the provisions of subdivision (b) of section 16 of the Securities Exchange Act of 1934 (U. S. Code, tit. 15, § 78p, subd. [b]). The question presented is one of first impression under the Securities Exchange Act of 1934. Subdivision (b) of section 16 created a new substantive right in favor of an issuer of securities to recover from officers and directors profits derived by them from tradings in the securities of the corporation. The section has

the salutary purpose of preventing an officer or director from using " inside " information, obtained by him by virtue of his office, to secure a speculative advantage over other stockholders not in a position to acquire such knowledge. By making an officer or director disgorge any profits he might make, as a result of his use of inside information, it was hoped he will be deterred from indulging in such questionable practice. Subdivision (b) of section 16 has been declared constitutional. (*Smolowe* v. *Delendo Corporation,* 136 F. 2d 231, certiorari denied 320 U. S. 751.) After providing that any profit derived by an officer or director from any purchase and sale of any equity security within a period of less than six months, shall inure to, and be recoverable by, the issuer, irrespective of the intent of such officer and director, subdivision (b) of section 16 continues as follows: " Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter  *  *  *."

Section 27 of the Securities Exchange Act (U. S. Code, tit. 15, § 78aa) contains the following provision: " The district courts of the United States, the district court of the United States for the District of Columbia, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder  *  *  *."

Does the grant of " exclusive jurisdiction " to the United States courts in section 27 exclude the possibility of concurrent State court jurisdiction under subdivision (b) of section 16 which provides that a suit may be brought " in any court of competent jurisdiction "? Provisions in the same act, apparently in conflict, must therefore be reconciled to reach a conclusion upon the instant motion. In dealing with clashing jurisdictional sections of the Public Utility Holding Company Act of 1935 (U. S. Code, tit. 15, § 79 *et seq.*), the Circuit Court of Appeals (2d circuit) only recently, in the case of *Okin* v. *Securities and Exchange Commission* (145 F. 2d 206), resolved the conflict by seeking an interpretation that presented " a consistent and workable scheme of enforcement ", that accorded with the " practicalities of the situation " and that gave some significance to the legislative

history of the act. The judicial approach suggested by that case can well be used here.

The usual canons of statutory interpretation lend little aid in the solution of the instant problem. In fact, the same rules of interpretation have been cited to the court as determinative of the opposing contentions of the parties.

The legislative history of subdivision (b) of section 16 and of section 27 is some guide to the conclusion to be reached. The Securities Exchange Act of 1934 was the product of two bills, one passed by the House of Representatives (H. R. 9323) and the other by the Senate (S. 3420). The original bills (S. 2693 and H. R. 7852, 73d Congress, 2d sess. [1934]) each provided in sections corresponding to section 27 of the final act, that the Federal courts shall have " jurisdiction " of all suits in equity and actions at law brought to enforce any liability or duty created by the act. The word " exclusive " did not appear in these earlier bills nor in House of Representatives 9323 introduced later. However, during consideration of House of Representatives 9323 by the committee of the whole house, Mr. Rayburn in offering an amendment to insert the word " exclusive " before the word " jurisdiction ", said: " Mr. Chairman, I have only this to say — that we thought the bill as drawn meant exclusive, but in order that it may be entirely clear we offer this amendment " (78 Cong. Rec., part 8, p. 8099). The bill was so amended. The Senate bill, however, continued the word " jurisdiction " without the modifying " exclusive ". But when the bills emerged from the conference committee, the House proposal of " exclusive jurisdiction " had been adopted. The bill was passed and became law with that language in section 27. There is nothing to indicate that in retaining the provisions of subdivision (b) of section 16 it was intended to except the cause of action therein created from the " exclusive jurisdiction " requirements of section 27. What is abundantly clear, however, is that the amendment to House of Representatives 9323 offered by Mr. Rayburn was intended to invest the Federal courts with exclusive jurisdiction.

Where, in comparable statutes, Congress desired to confer concurrent jurisdiction, unequivocal language has been used to express that intent. Thus in the Securities Act of 1933 (U. S. Code, tit. 15, § 77a *et seq.*), where civil liabilities were provided for in section 12, that act, in subdivision (a) of section 22, gave Federal courts jurisdiction, but stated it shall be " concurrent with State and Territorial courts ". Absence of such language here is not without significance.

Consistency of enforcement will more likely be achieved if the Federal courts retain exclusive jurisdiction. The many involved questions such as the proper rule of damages and the amount of recovery permitted which may arise from the enforcement of subdivision (b) of section 16 are well illustrated in the decision in *Smolowe* v. *Delendo Corporation* (136 F. 2d 231, *supra*). Were each of the State courts permitted to rule upon those knotty problems, there would conceivably be numerous and varying conclusions. Efficient enforcement may be expected by insuring one rule in giving effect to the requirement of exclusive jurisdiction in the United States courts.

Practical considerations would lead to the same conclusion, if there were any doubt remaining. Under section 27 an action can be brought in any district wherein the transaction occurred, or where the defendant is found, or transacts business, and process in such cases may be served in any other district wherein defendant is an inhabitant or may be found. Thus problems of jurisdiction of the person which may arise in State courts are eliminated in the Federal courts. Multiplicity of actions is avoided. The less obstacles in the path of enforcement, the more sure and efficient will be the imposition of liability created by subdivision (b) of section 16.

I therefore hold that suits in equity and actions at law brought under subdivision (b) of section 16 of the Securities Exchange Law of 1934 are cognizable only in the Federal courts which have exclusive jurisdiction of such actions.

While the question decided is one of first impression, at least one legal writer has made mention of it. In a well-considered article in 38 Michigan Law Review 133 (1939–1940) by Professor Yourd, "Trading in Securities", the writer in discussing the remedies under the various subdivisions of section 16, says that it is apparent that subdivision (b) of section 16 is to be read together with section 27. He there says (p. 153): "It is settled, then, that jurisdiction of suits under section 16(b) lies only, and automatically, in the federal courts." As already indicated, I am in agreement with that opinion.

The motion to dismiss must, therefore, be granted. Settle order.