## GILBERT et al. v. SECURITIES AND EXCHANGE COMMISSION.
## PIKE et al. v. SAME.
### Nos. 8704, 8706.

Circuit Court of Appeals, Seventh Circuit.

Dec. 20, 1944.

Rehearing Denied Feb. 10, 1945.

Jason L. Honigman, of Detroit, Mich., and Jacob I. Grossman, Henry Steinberg, and James H. Wilkerson, all of Chicago, Ill., for appellants Gilbert and Pike and others.

Roger S. Foster, Morton E. Yohalem, and Solomon Freedman, all of Philadelphia, Pa., for Securities and Exchange Commission.

Max Swiren and Ben W. Heineman, both of Chicago, Ill., and Lloyd F. Thanhouser, of New York City, for trustees.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

The issue for decision is our jurisdiction to entertain petitions in No. 8704 and No. 8706, which seek to review certain orders of the Securities and Exchange Commission (respondent). The issue arises on respondent's motions to dismiss.

Midland United Company and Midland Utilities Company are public utility holding companies organized under the laws of Delaware. In 1934, each of such companies filed in the United States District Court of that state their petitions for leave to reorganize under the provisions of § 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. Such petitions were consolidated and approved by the court, where the proceeding has since been pending. On November 9, 1943, the trustees of these utilities jointly submitted a plan of reorganization to the Commission, pursuant to § 11(f) of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79k(f). Hearings were held, briefs were filed by all interested persons, including petitioners, and oral argument heard by the Commission. On September 27, 1944, the Commission entered its order approving a plan of reorganization for submission to the District Court on condition that certain modifications be incorporated in the plan. The plan was modified by the trustees in conformity with such order, and on October 5, 1944, the Commission entered an order approving the modified plan. This order, as did its order of September 27, 1944, provided "that said plan may be submitted to the United States District Court for the District of Delaware." Both petitions now before us seek review of the Commission's orders of September 27, 1944, and October 5, 1944.

Subsequent to the entry of the latter order, the plan of reorganization was submitted to the District Court for approval under § 174 of the Bankruptcy Act, 11 U.S.C.A. § 574. The record made before the Commission with reference to the plan was certified to the District Court for the District of Delaware on October 31, 1944. On November 1 and 2, 1944, pursuant to notice theretofore given, a hearing was held upon the plan before such court. The instant petitioners by their counsel appeared and opposed the plan on the merits and offered evidence and oral argument in support of their petition. Thereupon, the court took the matter under advisement.[1]

---

[1] During oral argument, we were furnished with a copy of the court's opinion approving the plan as submitted. In our view, the opinion is irrelevant to a decision of the question with which we are now confronted.

514

Petitioners, in support of their contention that this court has jurisdiction of their petitions for review, rely upon § 24(a) of the Act, 15 U.S.C.A. § 79x(a), which provides, so far as material: "Any person or party aggrieved by an order issued by the Commission under this chapter may obtain a review of such order in the circuit court of appeals of the United States within any circuit wherein such person resides or has his principal place of business, * * * by filing in such court, within sixty days after the entry of such order, a written petition praying that the order of the Commission be modified or set aside in whole or in part. * * * such court shall have exclusive jurisdiction to affirm, modify, or set aside such order, in whole or in part."

Notwithstanding the broad and seemingly all inclusive language of this section, it is urged by the Commission that it is without application to the instant situation. In support of this position, it is contended that petitioners are not "aggrieved" within the meaning of the statutory language.

The question as to whether petitioners are "aggrieved" would seem to depend upon the character of the orders and the part which they played in the general scheme of corporate reorganization. § 11 (f) of the Utility Act provides the Commission's authority for the orders complained of. It provides in part: "In any proceeding of a court of the United States, whether under this section or otherwise, in which a receiver or trustee is appointed for any registered holding company * * a reorganization plan for a registered holding company * * * shall not become effective unless such plan shall have been approved by the Commission after opportunity for hearing prior to its submission to the court." It will be noted from the language just quoted that the plan does not become effective upon the entry of the Commission's order, but that such order is a condition precedent to action by the court in which the corporate reorganization proceeding is pending. When the plan is submitted to that court with the approval of the Commission, the court sustains the same relation to such plan as it does to any other plan properly before it under § 77B.

The court then must proceed under § 174 of the Bankruptcy Act, 11 U.S.C.A. § 574, which provides: "After the hearing * * * the judge shall enter an order approving the plan or plans * * * which are fair and equitable, and feasible, and shall fix a time within which the creditors and stockholders affected thereby may accept the same." Thereupon, the court is required by § 175, 11 U.S.C.A. § 575, upon approval of the plan to submit the same to all creditors and stockholders who are affected thereby and to furnish them with the opinion or summary thereof of the judge approving the plan, the report or summary thereof of the Securities and Exchange Commission, together with such other matters as the judge may deem necessary or desirable for the information of creditors or stockholders. § 179, 11 U.S.C.A. § 579, provides that after the plan has been accepted by creditors in the requisite number and amount, the court shall, after notice to all interested parties, have a hearing for the consideration of the confirmation of the plan and of such objections as may be made thereto.

When this procedure is viewed in its entirety, it is difficult to discern any basis for petitioners' contention that the orders complained of are final. Certainly such orders do not amount to a final adjudication of the rights and interests of the parties. The proceeding before the Commission is merely an interim step in the full reorganization process. Its order is interlocutory in form, and in effect amounts to little more than a recommendation to the court that the plan meets the requirements of the Utility Act. This recommendation, while no doubt entitled to great weight, must run the gamut of judicial approval, and the court is entirely free to approve or reject. It would seem to follow that the legal status of a party before the Commission would not be changed by such an order. This court, in In Re Michigan-Ohio Building Corporation, 117 F.2d 191, on its own motion dismissed an appeal, holding that appellants were not aggrieved and therefore had no appealable interest. In so doing, we stated at page 192 of 117 F.2d: "We are faced at the outset with the question obtruding from the face of the record as to whether appellants have such an interest or are to such degree aggrieved as to create in them the right to appeal. Generally accepted is the legal tenet that no one may appeal from a judgment unless he has an interest therein, direct, immediate, pecuniary and substantial. Speaking more specifically, a

party has an appealable interest only when his property may be diminished, his burdens increased or his rights detrimentally affected by the order sought to be reviewed." Applying the rationale thus stated, it seems rather plain that the orders complained of do not diminish petitioners' property, increase their burdens or detrimentally affect their rights.

There are a number of cases called to our attention in which several of the Circuit Courts of Appeals have entertained jurisdiction of petitions to review under § 24(a). We think we need not cite or discuss such cases. We have examined them and think they throw no light upon the instant situation. On the other hand, the Commission cites the recent case of Okin v. Securities and Exchange Commission, 2 Cir., 145 F.2d 206, which furnishes rather strong support for the instant motion to dismiss. In that case, the order sought to be reviewed was entered by the Commission in a proceeding under § 11(e). This section has no connection with a corporate reorganization proceeding under 77B, but contemplates an original proceeding before the Commission. As we understand, an order of the Commission under this section is a final determination of the rights of the parties. True, the Commission is without power to enforce such order, and for that purpose it is authorized to apply to a District Court. Such court, when its jurisdiction is thus invoked, is charged with the duty of ascertaining if the order is fair and equitable as a prerequisite to enforcement. If enforcement is allowed, the court is further authorized to take complete jurisdiction of the company and its assets. In the Okin case, the Commission not only applied to a District Court for enforcement of its order, but the order by its terms was to become operative only upon the entry of an enforcement order by a District Court. The Court of Appeals dismissed a petition for review under 24(a), apparently on the theory that the Commission's order by its terms did not become final until an enforcement order had been entered in the District Court.

Without agreeing or disagreeing with the conclusion reached by the court under the facts of that case, it seems plain that the Commission occupies a stronger position in the instant situation. Here we have a proceeding under 11(f), which was incidental to a corporate reorganization proceeding and wherein the Commission's order did not become effective in any event until approved by the bankruptcy court. The Commission was powerless to give its order approving the plan any degree of finality. In contrast, a proceeding under 11(e) is not dependent upon any other proceeding, and the Commission's order is final unless, as was held in the Okin case, it loses its finality by reason of a condition in the order which requires an application to the District Court for enforcement. Another distinction between the mechanism of the two sections is that under 11(e) the District Court obtains jurisdiction only at the instigation of the Commission, while under 11(f) the District Court acquires jurisdiction in its own right, in the instant case long before application was made to the Commission, and the jurisdiction thus acquired was at no time surrendered or lost.

Petitioners point out a number of anomalies which may result from the construction which we think should be given to § 24(a). The one most emphasized is that under such construction an order approving a reorganization plan of a utility in bankruptcy would not be appealable to a Circuit Court of Appeals while an order refusing to approve such plan would be. Thus, it is argued that the right to review is made dependent upon whether the order is one of approval or of rejection of the plan. Even so, the novelty of such a situation is not such as to be disturbing. A closely analogous situation exists with reference to a judgment on a motion to dismiss a cause of action in law or in equity. A judgment of denial is not final and therefore not appealable, while a judgment sustaining the motion is appealable because of its finality.

Other anomalies are pointed out by petitioners, which we need not discuss. On the other hand, if the contention of petitioners be accepted, a situation might and perhaps would develop which could well be termed a judicial monstrosity. Assume we accept jurisdiction and modify the Commission's order in the manner sought, it is not apparent how we could require the District Court to accept such modified plan. It would seem certain that such court would still be bound under the bankruptcy statute to make its own independent determination as to whether the plan was

feasible and equitable. If this be so, and we think it is, a review by this court would not only be an idle and useless gesture but would seriously interfere with the orderly procedure contemplated in a corporate reorganization proceeding.

Of course, these possibilities or even probabilities of what might or might not happen are rather unimportant. After all, the problem is, what did Congress provide concerning this right of review. While there is room for argument to the contrary, it is our view, and we so decide, that petitioners are not "parties aggrieved" within the meaning of § 24(a). It follows that we are without jurisdiction to entertain their petitions for review.

The motions to dismiss the petitions are allowed.