(May 4, 1945.)

AMERICAN DISTILLING COMPANY, Appellant, and CRAFTSMEN FINANCE & MORTGAGE CO., INC., Intervener, Respondent, *v.* RUSSELL R. BROWN, Respondent.

CALLAHAN, J. (dissenting). This is an action brought pursuant to subdivision (b) of section 16 of the Securities Exchange Act of 1934 (U. S. Code, tit. 15, § 78 p, subd. [b]) to recover an alleged illegal profit said to have been realized by a corporate director by reason of transactions in the securities of his company.

The section provides that a suit to recover such profits may be instituted at law or in equity " in any court of competent jurisdiction ". Similar provisions with respect to jurisdiction are found in two other sections relating to rights afforded to private citizens under the act. Section 27 of the act (U. S. Code, tit. 15, § 78 aa) provides, on the other hand, that the Federal District Courts shall have exclusive jurisdiction of violations of the act, and of all suits in equity and actions at law " brought to enforce any liability or duty created " by the act. There are numerous provisions in the act which relate to public prosecutions and proceedings which may be brought by the Securities Exchange Commission.

Unless the provision which affords the right to sue in any court of competent jurisdiction, found in subdivision (b) of section 16, was intended to be in effect repealed by section 27, the Supreme Court of the State of New York, as a court of unlimited jurisdiction in actions to recover illegal profits, was " a court of competent jurisdiction " as that phrase has always been understood.

We think that the conflicting provisions of the act concerning jurisdiction may be reconciled.

As was said in *United States* v. *Chase* (135 U. S. 255, 260) : " It is an old and familiar rule that, ' where there is, in the same statute, a particular enactment, and also a general one, which, in its most comprehensive sense, would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment.' "

By permitting the particular enactment to prevail as to private suits, and the general provisions found in section 27 to control as to other proceedings brought under the act by the Commission, not only will the elementary rules of statutory construction be followed, but the public policy expressed in the act of deterring the practices proscribed therein, will be upheld by making the private rights created more widely available.

The order should be reversed and the motion denied.

Martin, P. J., Untermyer and Cohn, JJ., concur in decision; Callahan, J., dissents in opinion in which Dore, J., concurs.

Judgment and order affirmed, with costs. No opinion. [184 Misc. 431.]