In the Matter of SAMUEL OKIN, Petitioner, against ELECTRIC BOND AND SHARE COMPANY, Respondent.

Supreme Court, Special Term, New York County, August 16, 1946.

*Samuel Okin* for petitioner.

*Simpson, Thacher & Bartlett* for respondent.

BENVENGA, J. Application for an order under article 78 of the Civil Practice Act, directing the respondent corporation forthwith to call a special meeting of its stockholders, pursuant to section 20 of the Stock Corporation Law, to vote upon the proposed sale by it of its shares of the common stock of the American Gas & Electric Company and Pennsylvania Power and Light Company.

The respondent is a registered holding company. Its assets consist entirely of securities of companies which are for the most part either public utility holding or operating companies. Included among its assets are shares of stock of the abovementioned companies. The affairs of the respondent corporation and its subsidiary companies are subject to the jurisdiction of the Securities and Exchange Commission. Pursuant to the provisions of section 11 of the Public Utility Holding Company Act of 1935 (U. S. Code, tit. 15, § 79k), the respondent has filed with the commission a plan of reorganization. The commission is presently considering all questions relating to the plan, and the United States District Court has assumed exclusive jurisdiction of the respondent and its assets. The proposed sale under the Federal statute cannot be consummated unless the plan of reorganization is approved by the commission and the District Court.

The Public Utility Holding Company Act is a specific overriding Federal law. The proposed sale is governed by the provisions of that act, and not by section 20 of the Stock Corporation Law, or any other State statute. The provisions of the Federal act must be complied with, irrespective of State statute, and regardless of stockholder approval (*Phillips* v. *Securities and Exchange Commission,* 153 F. 2d 27, 29). Section 26-a of the Stock Corporation Law (as added by L. 1946, ch. 962, eff. April 22, 1946) expressly provides that the plan of reorganization of a registered holding company may be consummated '' without any vote, consent or other action of the stockholders '', who, but for the provisions of section 26-a, would have the right to vote or take action on such plan. The petitioner's remedy, if any, is before the Securities and Exchange Commission and in the District Court. (See *Okin* v. *Electric Bond & Share Co.,* N. Y. L. J., June 4, 1942, p. 2376, col. 2; *Matter of Okin* v. *Electric Bond & Share Co.,* N. Y. L. J., June 27, 1942, p. 2708, col. 7.)

The application is therefore denied, and the petition dismissed. Settle order.