### OKIN v. SECURITIES AND EXCHANGE COMMISSION et al.

### SAME v. SECURITIES AND EXCHANGE COMMISSION.

**Dockets 20367, 20638.**

Circuit Court of Appeals, Second Circuit.

May 28, 1947.

Roger S. Foster, Sol. for Securities and Exchange Commission, Harry G. Slater, Chief Counsel, Public Utilities Division, David Ginsburg and Alfred Hill, Attys., all of Philadelphia, Pa., in support of the motions.

Simpson, Thacher & Bartlett, of New York City, for Electric Bond & Share Company; John F. MacLane, Richard Jones, and Benjamin C. Milner, all of New York City, in support of the motions.

Samuel Okin, pro se, in opposition to the motions.

Before AUGUSTUS N. HAND and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Plan I was for the payment of $30 per share from cash in hand upon the preferred stock of Electric Bond & Share Company. It was enforced by an order of Judge Conger dated November 5, 1945, the propriety of the payment of $30 per share under Plan I is not questioned, and the payment has been made.

On September 23, 1946, Judge Conger made the order listed above as order (1) denying Okin's motion for a discharge and release of Electric Bond & Share Company and its assets from the exclusive jurisdiction of the District Court for the Southern District of New York. It had taken such jurisdiction under the order of November 5, 1945 which provided that:

"(3) Subject to the terms and conditions of the said order of the Commission dated October 10, 1945, this Court, to the extent necessary to enforce and carry out the terms and provisions of the Plan and for the purpose of enforcing and carrying out the terms and provisions thereof, hereby takes exclusive jurisdiction of the Company and the assets thereof, wherever located."

Plan II-A of Electric Bond & Share Company provided for the retirement of the preferred stock by Judge Leibell's order of December 30, 1946, numbered (3) above, which order contained the following provision:

"(2) To the extent necessary to enforce and carry out the terms and provisions of the Plan and for the purpose of enforcing and carrying out the terms and provisions thereof (including the terms and provisions of the Plan which contemplate the full satisfaction of all possible claims of preferred stockholders of the Company by the payment to them, in addition to the capital distribution provided in the Plan, of such further cash and/or other assets of the Company, if any, as it is ultimately determined that they may be entitled to receive), this Court hereby continues the exclusive jurisdiction of the Company and the assets thereof, wherever located, which exclusive jurisdiction of the Company and the said assets thereof was originally taken by this Court pursuant to its said Order of November 5, 1945 approving and directing the consummation of the said Plan I of the Company."

The orders of Judge Knox, numbered (2) above, dated September 6, 21 and 27, 1946, all contained provisions enjoining the prosecution of proceedings "in any court or before any executive or administrative officer, commission or tribunal, other than such proceedings before the Commission or this Court or the Circuit Court of Appeals as may be appropriate under the Act or the Rules and Regulations promulgated thereunder, and such review, if any, in the Circuit Court of Appeals as may be provided by law. These injunctive orders were primarily intended to restrain Okin's pending suit in the New York state court so far as it might interfere with the proceedings before the Securities and Exchange Commission or the federal courts.

The order made by Judge Leibell on December 30, 1946, approved Plan II-A to retire the preferred stock on which $30 per share had already been paid, continued the exclusive jurisdiction of the district court over the company and its assets which was originally taken by the order of Judge Conger of November 5, 1945, enjoined interference with the proceeding by suits in other courts, and provided for the sale of stocks of American Gas & Electric, Pennsylvania Power & Light, Birmingham

Electric Co. and Carolina Power & Light in order to pay in full at par the preferred stocks of Electric Bond & Share, and reserved jurisdiction in order to give such further relief "as may be necessary or appropriate to enforce or carry out the provisions of the Plan (including the terms and provisions of the' Plan which contemplate the full satisfaction of all possible claims of preferred stockholders of the Company by the payment to them, in addition to the capital distribution provided in the Plan, of such further cash/or other assets of the Company, if any, as it is ultimately determined that they may be entitled to receive)." The order of Judge Leibell also continued "the exclusive jurisdiction of the Company and the assets thereof * * * which * * * was originally taken by this Court pursuant to its said order of November 5, 1945 approving and directing the consummation of the said Plan I of the Company."

Okin objects to the orders of both Judge Conger and Judge Leibell on the ground that the court thereby exercised an unwarranted jurisdiction in taking possession of the assets needed for the various plans instead of specifying those assets necessary to carry them out. Section 11(e), Public Utility Holding Company Act, 15 U. S.C.A. § 79 k(e), provides that the court may "to such extent as it deems necessary for the purpose of carrying out the terms and provisions of such plan, take exclusive jurisdiction and possession of the company or companies and the assets thereof, wherever located." This provision gives the court complete discretion and there has been a showing that the court followed the exact provisions of the statute and in terms only took possession of the assets "to the extent necessary." It was pointed out in the New York Supreme Court in the opinion of Mr. Justice Benvenga, In re Electric Bond & Share Co., 187 Misc. 697, 65 N.Y.S.2d 23, that the Securities and Exchange Commission and the federal courts have entire control over the reorganization proceedings under the Public Utility Holding Company Act, 15 U.S.C.A. § 79 et seq. Moreover, as appears from Okin's memorandum and the affidavit filed on behalf of the Electric Bond & Share Company, the latter had filed Plan II-A with the Commission on June 24, 1946

This was before Justice Benvenga rendered his decision of August 16, 1946, which we have referred to.

The commission made an order approving Plan II-A on September 6, 1946, which was before Judge Conger granted his order of September 23, 1946, denying Okin's motion for the release of Electric Bond & Share Company and its assets from the exclusive jurisdiction of the district. court. The Commission at both times had complete jurisdiction over all assets of Electric Bond & Share Company to the extent necessary to carry out the terms and provisions of both plans free from inference by state courts. Neither the injunctions in the orders of Judge Knox, nor the provisions taking jurisdiction of the assets in the orders of Judge Conger and Judge Leibell, indicate any excess of jurisdiction. The objection that Section 265 of the Judicial Code, 28 U.S.C.A. § 379, is a bar to an injunction against a proceeding in the New York state courts is unwarranted. The reorganization proceedings by the Commission and the orders of the district court were all authorized by the Public Utility Holding Company Act, and, as Justice Benvenga held, 65 N. Y.S.2d at page 24, supra, "the provisions of the Federal Act must be complied with, irrespective of state statute, and regardless of stockholder approval." The applicable principle is discussed by the Supreme Court in Bowles v. Willingham, 321 U.S. 503, 510-512, 64 S.Ct. 641, 88 L.Ed. 892; see also In re Standard Power & Light Corp., D.C., 48 F.Supp. 716.

The stock of American Gas & Electric and Pennsylvania Power & Light, owned by Electric Bond & Share Company, has already been disposed of, and the appellant has exercised his rights in respect thereto. As regards the stock of Carolina Power & Light and order of the Commission of May 6, 1947, provides "that the proposed sale of Carolina common stock shall not be consummated until the results of competitive bidding shall have been made a matter of record in this proceeding and a further order shall have been entered by this Commission in the light of the record so completed, which order may contain such further terms and conditions as may then be deemed appropriate." The terms of sale

are yet to be fixed by the Commission and the application of any part of the proceeds to further claims of the preferred stockholders of Electric Bond & Share Company depends on whether there are any such valid claims. These questions are still unsettled and, as indicated by paragraph 14 of Judge Leibell's order of December 30, 1946, depend on future orders of the court which may be reviewed in due course.

We are of the opinion that all of the appeals affect matters which are either moot or are not yet finally determined so as to justify an appeal. See Okin v. SEC, 2 Cir., 1944, 145 F.2d 206, remanded on other grounds, 325 U.S. 840, 65 S.Ct. 1569, 89 L.Ed. 1966; Blatchley v. SEC, 1 Cir., 157 F. 2d 898; Lownsbury v. SEC, 3 Cir., 151 F.2d 217, certiorari denied 326 U.S. 782, 66 S.Ct. 337, 90 L.Ed. 474. Because all of the appeals taken and the petition of review are without merit, the motions to dismiss the appeals of Okin from the various orders of the District Court and his petition to review the order of the Commission of September 6, 1946, are granted.

Ordered accordingly.