### LEVENTRITT v. SECURITIES & EXCHANGE COMMISSION.
#### Docket No. 21448.

United States Court of Appeals
Second Circuit.

Motion Argued Oct. 10, 1949.
Decided Dec. 7, 1949.

M. Victor Leventritt, New York City, pro se.

Roger S. Foster, General Counsel, Securities and Exchange Commission, Washington, D. C., Harry G. Slater, Chief Counsel, Division of Public Utilities, Washington, D. C., for respondent.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

On September 12, 1949, M. Victor Leventritt filed a petition to review a plan of reorganization of the Niagara Hudson Power Corporation and subsidiaries on the ground that it gave no recognition to holders of option warrants, of whom he was one. The petition for review was filed pursuant to Section 24(a) of the Public Utility Holding Company Act 15 U.S.C.A. § 79x (a). On November 8, 1949, Leventritt filed a notice of appeal from an order of the District Court for the Western District of New York dated November 4, 1949, approving the same plan in an enforcement proceeding instituted by the Commission on August 26, 1949, pursuant to the provisions of Section 11(e) of the Act, 15 U.S.C.A. § 79K (e). The Commission has moved to dismiss the petition for review under Section 24(a), relying on the decision of this court in Okin v. S. E. C., 145 F.2d 206, as well as on the decision of the Court of Appeals for the First Circuit in Blatchley v. S. E. C., 157 F.2d 898, and of the Court of Appeals for the Third Circuit in Lownsbury v. S. E. C., 151 F.2d 217, certiorari denied 326 U.S. 782, 66 S.Ct. 337, 90 L.Ed. 474.

Leventritt, the petitioner and appellant, argues that the decision of the Supreme Court in S. E. C. v. Central-Illinois Securities Corp., 338 U.S. 96, 69 S.Ct. 1377, has invalidated the holdings of the Courts of Appeal in the above mentioned cases to the effect that a petition for review cannot be prosecuted in the Court of Appeals under Section 24(a) if an enforcement proceeding under Section 11(e) is pending in the District Court. In our opinion the decision of the Supreme Court in S. E. C. v. Central-Illinois Securities Corp., 338 U.S. 96, 69 S.Ct. 1377, only involved the scope of review under Sections 24(a) and 11(e), holding the scope indentical under the two

sections, and neither overruled nor considered any of the Court of Appeals decisions we have referred to. A majority of the judges who heard the motion made before this court to dismiss the petition for review filed under Section 24(a) think that we should follow the former ruling of this court and of the Courts of Appeal for the First and Third Circuits. Accordingly the motion to dismiss the petition for review taken under Section 24(a) is granted.

FRANK, Circuit Judge (dissenting).

Now that there is pending before us an appeal from the district court's decision, it is somewhat academic to consider the propriety of the direct appeal under Section 24(a). However, since my colleagues have seen fit to hold that the latter appeal must be dismissed, I think it appropriate to record my dissent.

While the Supreme Court, in S. E. C. v. Central-Illinois Securities Corp., 338 U.S. 96, 69 S.Ct. 1377, did not have occasion to consider, and therefore did not specifically over-rule, what we decided in Okin v. S. E. C., 2 Cir., 145 F.2d 206 (and the other Circuit Court decisions cited by my colleagues), I think it clear that the reasoning of the Supreme Court in Central-Illinois destroyed the premises on which we rested our conclusion in the Okin case.

It should be noted, too, that, under the Okin doctrine the S. E. C. is able to determine which circuit court is to review an S. E. C. Section 11(e) order. This appears from the following: (1) Without a voluntary request from the affected company, the S. E. C. cannot bring an action in the district court to enforce its Section 11(e) order. (2) Absent such a voluntary request, a review must be a direct review under Section 24(a). (3) But the S. E. C. has adopted a practice of conditioning any order it makes under Section 11(e) so that that order will have no effect until approved by the district court. This condition virtually compels the company to make a "voluntary" request to the Commission to seek enforcement, i. e., the request is actually not voluntary. (4) By arranging to file such an enforcement suit in the district court, in that district in which the company is domiciled, a few minutes after

the entry of the Commission's order,[1] the Commission is able, under the Okin doctrine, to insure that no circuit court other than that of the circuit in which the corporation is domiciled will review the order. (5) By this tactic, the S. E. C., in effect, nullifies Section 24(a) as to Section 11(e) orders. I doubt whether Congress intended such a result.

1. Since the S. E. C. alone knows when it will issue its order, it can have someone waiting in the district court ready to file suit as soon as he is advised by telephone that the S. E. C. has entered its order.